## C. JACQUEMINE V. STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE—BAIL.—A prisoner, arrested for murder, was refused bail and committed. On *habeas corpus* trial the sheriff was ordered to take bail, with sureties, subject to his approval, in the sum of $2,500. The prisoner made default, and forfeiture *was* taken against his sureties. On error, it *was held* that the order to the sheriff, to take the bail and approve the sureties in such a case, was without authority of law, and the forfeiture reversed.

ERROR to the circuit court of Issaquéna county. SHACKLEFORD, J.

The facts are fully stated in the opinion of the court.

*F. & L. B. Valliant,* for plaintiff in error.

Sheriffs' authority at common law to take recognizances was limited to binding an offender to keep the peace. 1 Black. Com. 343. The powers of the sheriff at common law are defined by the supreme court of the United States, in South v. State of Maryland, 18 How. 401. His powers in this particular have been extended by statute, but the statute does not reach' such cases as this. Pace v. the State, 25 Miss. 54; 1 Pars. Cont. 495; 2 Black. Com. 341.

*Frank Johnston,* on same side.

At common law the sheriff had no authority to take either a bond or recognizance in felonies. 1 Black. Com. 343. By the statutes of this state, his common law powers are certainly enlarged, but not to the extent claimed in this case. Section 235, Code of 1871, authorizes sheriffs to take bonds or recognizances of any person whom he may arrest, on the process of any circuit court, charged with any crime or misdemeanor not punishable with death, and to fix the amount of the bond in case the court or judge omitted to do so, etc. The case at bar does not fall within the provisions of this section, for the prisoner, Jacquemine,

was not arrested, nor at the time the recognizance was taken was he held under process from a circuit court; and he is charged with the crime of murder.

Section 2787 provides that when a defendant is committed to jail in default of bail, by any court, judge or other officer, it shall be the duty of such court or officer to state in the *mittimus* the nature of the offense, etc., the amount of bail and the number of sureties required, .and to direct the sheriff to release such party on his entering into recognizance as required by the order of the court or committing officer.

Section 2788 makes it the duty of the sheriff to release the defendant from custody upon his compliance with such order, and authorizes him to approve the bond.

These provisions of the statute clearly limit the power to the sheriff to arrests made under original commitments, where the court or officer has made an order allowing bail, and to cases where the prisoner is in the sheriff's custody, under the *mittimus* of the committing officer.

Jacquemine was in the custody of the sheriff at the time the recognizance was taken, by virtue of the writ of *habeas corpus*, and the recognizance taken by him was based alone upon the order made by the chancellor, which allowed the prisoner bail, and directed the sheriff to take the bond and approve the sureties.

Therefore, by the statutes regulating the mode of procedure in *habeas corpus* proceedings, the validity of this bond or recognizance must be tested.

Sections 1398 and 1399 designate the officers who may grant the writ. Art. 3 provides the mode of issuing and the form of the writ. Art. 4 provides for the service and return, and art. 5 declares that "the judge, before whom the prisoner or other person may be brought, shall immediately proceed to inquire into the cause of imprisonment, * * * and shall either

discharge, admit to bail, or remand the prisoner." The approval of the bond is an essential part of the function of admitting the party to bail. So important a power should not be confided by implication to an officer not mentioned in the law. As a question of construction, it is clear the judge hearing the cause is the proper officer to take the bond or recognizance.

The question then arises, did the chancellor have any power to delegate this authority to the sheriff?

In Butler v. Foster, 14 Ala. 323, it was decided that a judge, authorized by statute to grant bail, could not delegate the authority to the clerk to take the bail bond, and the same principle was announced in Anthony v. the State, 26 Ala. 323. I submit, however, that the question has been expressly adjudicated in this state, in Pace v. the State, 25 Miss. 54. This case arose under the Hutchinson Code. But article 13, p. 444, Hutch. Code, is in substance identical with section 235, Code of 1871, and the same provisions in effect contained in sections 2787, 2788 and 2789, Code of 1871, are found in sections 1, 2, 3 and 4, Hutch. Code, p. 1009. And again the same powers are conferred on a judge in a *habeas corpus* proceeding by art. 4 Hutch. Code, as are given by section 1409, art. 5, Code of 1871. I submit, therefore, that Pace's case furnishes the proper rule of construction for the case at bar.

In all the cases cited, the validity of the bond was made to depend on the authority of the officer approving it, and, as the chancellor did not approve the bond in this case, but delegated the power to the sheriff, the bond is void.

*J. S. Morris*, attorney-general.

SIMRALL, J.:

To the writ of *habeas corpus* the sheriff of Washington county made return that he detained Constantine

Jacquemine in custody in obedience to the *mittimus* of a justice of the peace of Issaquena county, charging him with killing Peter Rigrone. The chancellor of the fifteenth district, before whom the writ was returnable, proceeded to inquire into the cause of the detention, and having heard the testimony, ordered that the prisoner be enlarged, upon his entering into bond, before the sheriff of Issaquena county, in the penalty of $2,500, with two or more good sureties, to be approved by the sheriff, conditioned for the appearance of Jacquemine before the circuit court of Issaquena county, to answer the state on said charge. This order was made the 27th of August, 1872. On the 30th of the same month, the sheriff took the bond or recognizane of Jacquemine, and Wilson and Mayfield, his sureties. Subsequently, Jacquemine was indicted by the grand jury of Issaquena county, for the murder of Peter Rigrone, and not appearing, judgment final was rendered upon his bond or recognizance.

Wilson and Mayfield affirm, in this court, that the bond or recognizance imposed no legal duty or obligation upon them, because the sheriff could not be invested with authority to take it. It did not pertain to the office of sheriff, at common law, to take a bail bond in such circumstances; his right so to do (if it exists at all) is by virtue of a statute. The authority of the sheriff is defined in article 235, Code of 1871: "He may take bonds or recognizances from those whom he may arrest," on the process of any circuit court, charged with a crime "not punishable with death," and if the court or judge has omitted to determine the amount of the penalty, he may "fix it." He shall not, however, take bond if the process was issued in term time, and returnable forthwith. The conditions upon which the sheriff may take bail, under so much of this article as has any apparent application, are, that he must have arrested the prisoner under process of the

circuit court.    He has no discretion as to the amount of bail, unless the court or judge has omitted to " fix it," and then it must be for a grade of crime bailable under the laws.    Section 2787 directs that when a defendant charged with a crime, shall be " committed " to jail for default it giving bail, it shall be the duty of the committing court or magistrate to state in the *mittimus* (among other things) the amount of bail required and number of sureties, and to direct the' sheriff to enlarge him on his entering into recognizance as required. This section has reference to investigations before justices of the peace, as conservators thereof, or any court or magistrate competent to inquire preliminarily into the commission of crimes, and to hold, by bail, or in close confinement, the accused to answer any indictment that may be preferred.

It it very manifest that this .bond or recognizance was not authorized to be taken by the sheriff under any of these statutes.

Can the judge or chancellor, before whom a prisoner is brought on *habeas corpus*, direct the sheriff to take and approve a bail bond ?    Section 1409 declares that the judge shall immediately proceed to inquire into the cause of imprisonment, and shall either discharge, admit to bail, or remand the prisoner.    The words are plain ; there is no obscurity or doubt as to their import, and no room for interpretation.    " The judge shall admit to bail."

Jacquemine having been committed to jail to answer for the killing of Peter Rigrone by a justice of the peace, the question before the chancellor, on the trial of the *habeas corpus*, was as to the character of the " killing," felonious or not, and then as to its grade, murder or 'manslaughter.    He adjudged that the prisoner was entitled to bail, and it was his plain duty, under the law, then and there to have taken the bail bond.    The committing magistrate must have supposed

that the "killing" was murder, otherwise he would have stated in his *mittimus* that the sheriff should release the prisoner from confinement on executing a bail bond, with sureties in the prescribed amount.

Our reading of the statutes accords with the construction of the *habeas corpus* act in force in 1852. Pace v. State, 25 Miss. 54.   The 4th section of the act of 11th June, 1822, is essentially the same with sec. 1409 of the Code of 1871.   In reference to the former, the court said : " The bond was not taken or approved by the judge making the order for bail, but by the sheriff, who had no. authority under the statute," etc. In Butler v. Foster, 14 Ala. 323, it was said that unless there be a statute authorizing it, a court or judge cannot delegate authority to a sheriff to take a bail bond. The *habeas corpus* act of Alabama, §§ 3736–8, differing from ours, directs the judge to determine the amount of the bond, and then the sheriff of the county may approve the bail and discharge the prisoner.   In Antonez v. State, 26 Ala. 84, it was held that it was only by virtue of the statute that the sheriff denied his authority.

Because the chancellor himself did not take the bond and approve the recognizance of the prisoner and his sureties, but delegated the authority to the sheriff, we are of opinion that the bail bond upon which the judgment was taken was invalid.

Wherefore, the judgment of the circuit court is reversed.