## JAMES LUCKETT VS. THE STATE.

1. POWER OF THE SHERIFF TO ADMIT TO BAIL. HABEAS CORPUS.
   The sheriff can only admit to bail, 1. Where the arrrest is made by virtue of sec. 235, which requires him to cause offenders in his view to enter

into bond, etc., and to admit to bail persons arrested by virtue of a writ from the circuit court in vacation; and 2. By virtue of sec. 2787, when the commitment is made by a conservator of the peace (court, judge or justice), in default of bail, which requires an order stating the offense, amount of bail and number of sureties.

2. SAME: SAME.

Sec. 533 of the code, conferring jurisdiction in writs of *habeas corpus*, does not authorize the judge to act as a conservator of the peace, and his authority under this section is, to "discharge, admit to bail, or remand the prisoner." And it is the duty of the judge to admit to bail, and this power he cannot delegate to the sheriff.

2. SAME: SAME: *Practice.*

An order made by a judge upon a *habeas corpus* trial, reducing the bail fixed by a committing magistrate does not by implied incorporation become a part of the magistrate's record of original commitment.

4. SAME: SAME: *Case in judgment.*

L. was arrested on a charge of grand larceny, and the committing magistrate fixed his bail at $1,000. He applied to the circuit judge for reduction of his bail. On the hearing, the judge reduced his bail to $300, and directed the sheriff to take the bond; when the bond was presented, the sheriff refused to take it, because the sureties had not justified. He then sued out a second writ of *habeas corpus* before the chancellor, asking to be released on the bond presented, which the chancellor refused: *Held*, that the chancellor acted correctly, but that the circuit judge should complete his duty by approving a proper bond, but that he has no power to delegate that duty to the sheriff.

APPEAL from the Chancery Court of *Madison* County.

Hon. WILLIAM BRECK, Chancellor.

The relator, James Luckett, on the 12th day of October, 1875, was arrested on a charge of grand larceny, and on the — day of the same month, a preliminary hearing of his case, had before Robert Powell, mayor of Canton, on the same day he was, in default of bail in the sum of $1,000, committed to the common jail of said county. On the 14th day of October, 1875, he applied by petition for writ of *habeas corpus*, to Hon. W. B. CUNNINGHAM, judge, etc., for a reduction of his bail. On the hearing of said application, his bail was reduced to the sum of $300, and the sheriff of said county ordered by the judge to release him on his executing said bond in accordance with law.

On the 16th day of December, 1875, he tendered said sheriff a bond, in all respects conditioned according to law, and in the amount of said penalty ($300), with R. A. Harris and Harriet Luckett, sureties thereon ; one of said sureties, Harris, made the required oath that he was worth the penalty of said bond, over and above his just debts, etc. Said sheriff declined to receive said bond, and to release the relator thereon, because there were not two sureties on it who had made said oath.

On the said 16th day of December, 1875, he applied to Wm. Buck, chancellor, etc., by petition, for writ of *habeas corpus*, for a release on said bond as tendered said sheriff. Said writ was granted, and heard on the 23d day of December, 1875, when said chancellor declined to release him, but recommitted him to the custody of said sheriff. From which decision an appeal is prayed.

*E. J. Bowers*, for plaintiff in error, argued the case orally, and filed a brief, citing and commenting on the following authorities, to wit : Rev. Code 1871, § 2788; Const. Miss., art. I, sec. 8 ; 5 Law Lib., 103, 104; id., 527, 528, 530; Posterne *v.* Hanson & Hooker, 2 Saund., 59, 61.

*G. E. Harris*, Attorney General, for the state, argued the case orally, and filed a brief, citing the following authorities, to wit : Rev. Code 1871, §§ 2788, 2789; id., §§ 114, 235.

Tarbell, J., delivered the opinion of the court.

The relator was arrested and brought before the mayor of Canton, as an acting justice of the peace, on a charge of larceny. Upon investigation, Luckett was committed for the want of bail in the sum of $1,000, with directions to the sheriff to release him on the execution of such a bond. Thereupon the prisoner was brought before the circuit judge of that district on *habeas corpus.* The hearing resulted in the following order : "Upon full hearing of the within case, I order that the defendant be required to give good bond in the sum of only three hundred dollars, to remain in custody till said bond," etc. (Signed) W. B. C., Judge, etc. A bond was then executed by the relator and two sureties, one of

whom, only, qualified or justified, as required by law.   This bond was refused by the sheriff because not executed by two sureties, justifying according to law.   The prisoner then prayed a *habeas corpus* of the chancellor of that vicinity, who was asked only to release the prisoner on the above bond.   The evidence of the crime was not inquired into.   From his judgment remanding the petitioner, the matter comes to this court, where the order of the chancellor is assigned for error.   It is claimed that the prisoner was entitled to his release upon the bond tendered to the sheriff in compliance with the order of the circuit judge.   The language of that order is referred to, and it is insisted that the bond is a sufficient compliance with the order.   The argument in behalf of the relator is, that by the order of the circuit judge, he was remanded to the custody of the sheriff, subject to the action of the committing magistrate, except as to the amount of bail.   Several authorities are referred to as to excessive bail, justification of sureties, etc., which it is not deemed essential to consider.   In the view entertained of this case, it is disposed of by the provisions o the code, as construed by this court in Jacquemine *v.* The State, 48 Miss., 280.

The sheriff, by the Code, § 235, is required to cause "all offenders against the law, in his view, to enter into bonds and recognizances, with sureties, for keeping the peace, and for " their appearance at the next circuit court.   By the same section, he is also authorized to take bonds or recognizances of persons arrested on process from the circuit courts, except in capital cases, and when process is made returnable forthwith, during the term of the court at which the same is awarded.

The Code, § 2787, provides that " when a defendant, charged with a criminal offense, shall be committed to jail by any court, judge, justice, or other officer, for default in not giving bail, it shall be the duty of such court or officer," after certain specified statements, " to direct the sheriff of the county where such party is ordered to be confined, to release him, on his entering into recognizance, as required by the order of the court or committing officer."

These sections define the only instances in which the sheriff may take bonds or recognizances, and release prisoners thereon.

It should be observed that within the provision of the code last cited, the committing magistrate acts as such, or as a conservator of the peace, while in the case at bar, the circuit judge acted in his capacity as judge, under the Code, § 533, which empowers circuit judges to issue writs of *habeas corpus.* In the issuance and hearing of this writ, he does not act as a conservator of the peace or committing magistrate.

The trial on *habeas corpus* is prescribed by the Code, art. V, ch. 12, p. 283. By § 1409, "the judge before whom the prisoner or other person may be brought shall immediately proceed to inquire into the cause of imprisonment or detention, and shall either discharge, admit to bail, or remand the prisoner, or award the custody to the party entitled thereto, as the law and the evidence shall require." The proceedings and judgment on these trials are made a matter of record, and the party aggrieved may have an appeal. Code, § 1409, et seq.

These several sections of the code have been considered and construed in Jacquemine's case, *supra.* In that case, the judge remanded the prisoner, with directions to the sheriff to release him on the execution of the bond specified, to be taken by the sheriff. This court, after a comparison of the several sections of the code above referred to and cited in the argument of counsel herein, held the action of the judge to be unauthorized; that the Code, § 1409, required the judge to "admit to bail;" and that he had no authority to delegate this duty to the sheriff.

So in the case at bar, the judge having heard the evidence, decided, in effect, if not in terms, 1. That the prisoner was not entitled to his discharge. 2. That the bond required by the magistrate was excessive; and 3. That the prisoner might be released on a bond, with good sureties, in the penalty of $300. Under the Code, § 1409, and in accordance with the rule declared in Jacquemine's case, the duty then devolved upon the judge to "admit to bail." The delegation of this duty to the sheriff was void. The

adoption of the argument of counsel, that the order of the circuit judge became a part of the record of the magistrate and incorporated therein, would be to create an exception too refined to be practical. The construction which has been given to the provisions of the code, it is believed, will render the practice in these cases uniform and harmonious, whereas, to engraft upon § 1409 the exception contended for, it is conceived, would lead to divided duties and responsibilities, and perhaps to irregularities and uncertainties, besides being in conflict with the plain letter and probable intent of the statute. This construction of the code must certainly conduce to uniformity of practice, and no case can now be conceived of, whose requirements cannot be met by an adherence to this view.

The result is, the chancellor is held to have acted correctly, while it remains for the circuit judge to complete his duty, as indicated herein.

# JUDGES

OF THE

# SUPREME COURT

DURING THE TIME OF THESE REPORTS.

---

HORATIO F. SIMRALL,   -   CHIEF JUSTICE.

H. H. CHALMERS,*   &#125;

       -    ASSOCIATE JUSTICES.

J. A. P. CAMPBELL,†  &#125;

---

Attorney General,   -      -      G. E. HARRIS.

Reporters,  -    °-     -      -    HARRIS & SIMRALL.

Clerk,  -     -      -      -    A. W. LITTLE.

* PEYTON, J., resigned and CHALMERS, J., was appointed May 1, 1876.

† TARBELL, J., term expired and CAMPBELL, J., appointed May 10, 1876.

# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## *APRIL TERM, 1876.*