CASSIDY *v.* STATE OF INDIANA.

[No. 25,540.   Filed October 4, 1929.]

*Herman N. Hipskind* and *Holman, Bernetha & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This is a prosecution commenced by affidavit against the appellant for rape upon a female child 10 years of age. The affidavit charged that the act was committed on the 4th day of July, 1927, in Fulton County, State of Indiana. The affidavit was sworn to on the 5th day of July, 1927, and was filed in the Fulton Circuit Court on the 6th day of July, 1927, and the following proceedings had before Rueben R. Carr, regular judge of the Fulton Circuit Court.

The filing of the affidavit was approved by the judge on the 5th day of July, 1927, a bench warrant was ordered issued for the defendant, returnable forthwith, and the bond of defendant fixed at $25,000. The writ for arrest was returned by the sheriff as follows: "This writ came to hand on the 6th day of July, 1927, and served as commanded by arresting Ancil Cassidy and bringing him before the Judge of the Fulton Circuit Court, done July 6, 1927.

Fred Carr, sheriff."

The record continues further and says, the defendant is now in open court arraigned, and for plea says he is guilty as charged. Evidence heard, and the court finds defendant guilty as charged in the affidavit, that the defendant is 18 years and four months of age, and now sentences the defendant to the Indiana Reformatory for and during the remainder of his natural life.

On July 7, 1927, the same being in the vacation of the

Fulton Circuit Court, the following proceedings were had and appear on the order-book of the court: "It appearing that the Trustees of the Indiana Reformatory refuse to take into their care and custody and accept from the Sheriff of Fulton County, Indiana, said defendant and confine said defendant in said Indiana Reformatory, said defendant is now ordered committed to the Indiana State Prison under the judgment of this court, entered herein on July 6, 1927."

The record shows the following further proceedings were had: On August 4, 1927, in vacation, defendant, by his attorney, H. M. Hipskind, filed written motion and petition to set aside the judgment and for leave to withdraw plea of guilty and enter a plea of not guilty, and plea of insanity. The appellant's petition is as follows: "Comes now the defendant, Ancil Cassidy, and moves and petitions the court to set aside the judgment heretofore rendered herein and to permit him to withdraw the plea of guilty heretofore entered herein, and to enter a plea of not guilty and also a plea of insanity to the affidavit and charge filed against him herein. And in support of this motion, said defendant files his own affidavit and the affidavits of Frank Utter, Frank Bright and Mearl Buchler."

Appellant's affidavit is as follows: Ancil Cassidy, being duly sworn upon his oath, says that he is the defendant in the above entitled cause; affiant further says that he is now 17 or 18 years of age; that he was born in the State of Kentucky; that for a number of years last past his mother has been dead, since he was four years old, and that his father has been, since about January 1, 1927, and is now in McClelland, Arkansas, and that he has been working for and living among strangers most of the time since he was of the age of 16 years; that his education has been meager, having attended school 10 years, closing in grade 5 of the common schools at Disko,

Wabash County, State of Indiana; that, on and prior to the 4th day of July, 1927, he was an employee of Frank Utter, a farmer residing four miles east of the town of Akron, in said county of Fulton, State of Indiana; that he was arrested there on the morning of July 5, 1927, but at the time he was taken into custody he did not know and understand the nature of the charge placed against him upon which he was arrested; nor did he know the penalty prescribed by law for the unlawful act with which he was charged and upon which he was arrested; that he was taken into custody by sheriff Fred Carr and one Frank Bright; that said Frank Bright, without explaining to him the nature of the charge placed against him, nor the penalty or punishment prescribed therefor, advised him to plead guilty, saying it would be easier on him to do so; that thereupon said Frank Utter was informed that he was accused of having had intercourse with one Helen Lytle, on the night of July 4, 1927, but the said Frank Utter was not informed of the nature of the charge placed against him, nor the punishment prescribed therefor, and, without deliberation or understanding, the said Frank Utter advised him to plead guilty and told him that it would not avail him anything to employ an attorney to defend him against the charge placed against him; that he was immediately taken to jail at Rochester, the county seat of said county of Fulton, and there held without opportunity to consult with relatives; that he was induced by the statements and advice given to him by said Frank Utter and said Frank Bright to plead guilty, upon the hope that he would not be punished, except by fine, and was given to understand by them that it would be useless and of no avail to employ, or be represented by, legal counsel or defend himself against said charge.

Affiant further says that he was taken before the Fulton Circuit Court on the morning of July 6, 1927,

by the sheriff of said county, and there arraigned upon the charge of rape; that he was not represented by counsel, nor did he consult with either friend or relative; that, while the judge of said court read to him the charge placed against him and the punishment prescribed therefor, yet he did not comprehend nor understand the nature of said charge, nor understand nor appreciate the extent of the punishment prescribed therefor, and did not have opportunity to deliberate upon the same; that he did not understand that the court informed him that he would be given an opportunity to employ counsel, nor that the court would appoint counsel to represent him, nor did he have money or means to employ counsel, and he acted upon the advice and statements made to him by said Frank Utter and said Frank Bright, believing that he had committed no unlawful act; that he would not, in fact, be punished by imprisonment; that it was unnecessary to have legal counsel to defend him; that thereupon, he entered a plea of guilty in the hope that his punishment would be a small fine, and believing that it was the only course he had to pursue and did not realize the consequences of pleading guilty.

Affiant further says that he is not guilty of the charge placed against him, upon which he has been convicted upon his plea of guilty, and upon which he has been sentenced, and that he did not have mental capacity sufficient to comprehend the nature and consequences of the act with which he was charged, and that his will power was impaired to such an extent that he was unable to control the impulse to commit crime upon said 4th day of July, 1927; that he had never been convicted of crime, nor was he ever before charged with the commission of any crime; that, if permitted to defend, he can show that he is not guilty of the crime charged against him.

In the affidavit of Frank Bright, filed in support of ap-

pellant's petition, the affiant says, that he is and has been since January 1, 1927, a constable of Henry Township, said county and state, and is 62 years of age; that he was present when the sheriff arrested and took into custody the said defendant, at the home of Frank Utter, on the 5th day of July, 1927; that this affiant then and there advised said defendant to plead guilty of the offense charged against him herein and told said defendant that it would go easier with him if he would plead guilty; that this affiant did not talk with or advise said defendant thereafter; that he was also present in the Fulton Circuit Court on the morning of July 6, 1927, at the time said defendant was arraigned and plead guilty; that defendant was not represented by counsel at said arraignment; that the judge of said court stated that he felt as though said boy should have an attorney, but that said judge did not ask said defendant if he was able to employ an attorney, nor did the said judge offer to procure and appoint an attorney to represent said defendant.

In the affidavit of Mearl Buchler, filed in support of appellant's petition, affiant alleges he is 33 years old and that he is acquainted with the defendant, Ancil Cassidy; that he was present in the Fulton Circuit Court on the morning of July 6, 1927, when said defendant was arraigned and plead guilty of the offense charged against him herein; that the judge of said court at that time and place stated that he felt that said defendant should have an attorney but that said judge did not ask said defendant if he had the means to employ an attorney, nor did he offer to procure and employ counsel to represent said defendant.

Frank Utter in his affidavit states that he is a resident freeholder in said county and state and engaged in farming for the last nine years. On the 13th day of June, he employed the above-named defendant to work on his farm, and that, since said date, defendant was in his em-

ploy and lived at his home; that said defendant was working and living there on the 5th day of July, when the sheriff and Frank Bright came to the home of this affiant and arrested said defendant; that said defendant is an industrious boy and has been in no other trouble, nor arrested, to this affiant's knowledge; that said defendant has a very poor education and that his mind has not developed as a normal child and that his mental capacity, comprehension and understanding is that of a normal boy of not more than 12 years of age; that this affiant was not informed of the nature of the offense and that this affiant believed that in case said defendant would plead guilty that his punishment would not be severe; that this affiant then and there advised said defendant to plead guilty, and that said defendant did not have any means or money with which to employ legal counsel; that said affiant was present when said defendant was brought into court and entered his plea of guilty; that said defendant was not represented by legal counsel and did not advise with any person; that the judge stated that he felt that he should give said defendant an attorney, but that said court did not offer to procure counsel for said defendant nor ask defendant if he was able to employ counsel.

On August 11, 1927, the prosecuting attorney filed answer in denial to the defendant's several affidavits to withdraw plea of guilty and enter a plea of not guilty and to enter a plea of insanity and set aside judgment. The answer of the prosecuting attorney states that his answer to defendant's several affidavits denies each and every allegation therein contained, and said prosecutor filed counter-affidavits of Fred S. Carr, Ben Westwood and Robert R. Miller. In addition to these affidavits, the prosecuting attorney introduced the testimony of William Lytle, Winslow Shireman, Helen Lytle and Ancil Cassidy, the defendant.

It appears from the record that no further proceedings were had in the matter until November 14, 1927, when the court overruled defendant's plea for petition for leave to withdraw his plea of guilty and enter a plea of not guilty and a plea of insanity. At that time, said attorney Hipskind, appeared for appellant and asked leave to appeal as a poor person, which leave was granted and this appeal taken.

It is contended by the appellant that the court erred in not advising him of his right to a trial by jury and his right to have counsel represent him, and his right to have the court appoint counsel for him in case he had insufficient funds to hire counsel himself. While some of the counter-affidavits and testimony of the State contradict some of the facts stated in the affidavits in support of the motion to set aside the judgment and plea of guilty and enter a plea of not guilty and plead insanity, there is nothing in the counter-affidavits nor the testimony introduced upon this motion to show that the defendant knew his constitutional right to be represented by an attorney, and the evidence shows, without contradiction, that the court, while stating that the defendant ought to have an attorney to represent him, did not appoint any such attorney, and told him that an attorney would do him no good.

It appears from the record that the defendant at the time he plead guilty was put on the stand by the judge, who asked many questions in regard to the transactions charged against him as a crime. After he had answered the questions propounded to him by the judge, he was told by the judge that "there is nothing I can do but give you a life sentence so long as you have pleaded guilty to this crime. I can give you an attorney, but I don't know that he could do you any good, since you have confessed to everybody that you had intercourse with this child."

Section 66 Burns 1926, being §14 of Art. 1, of the Con-

stitution of Indiana, says that no person in any criminal prosecution shall be compelled to testify against himself. Section 13, of Art. 1, of the Constitution provides that, in all criminal prosecutions, the accused shall have the right to a public trial by an impartial jury in the county in which the offense was committed, to be heard by himself and counsel, and the right to demand the nature and cause of the accusation against him . . . ; to meet the witnesses face to face and to have compulsory process for obtaining witnesses in his favor.

It is not within the province of the trial court to decide that an attorney would not do the defendant any good. The judge cannot decide for the defendant that his constitutional rights shall be ignored or waived. The uncontradicted evidence in support of the motion to set aside the plea shows that the judge himself invaded the rights of the defendant by requiring him to testify in the matter of the charge against him. The general rule is that the trial court has discretion to overrule a motion to set aside a plea of guilty and to enter a plea of not guilty, but this rule cannot prevail where the defendant has been denied his rights under §§13 and 14 of Art. 1 of the Constitution of Indiana.

In *Barber* v. *State* (1925), 197 Ind. 88, 149 N. E. 896, the court said: "The statute provides that, upon being arraigned by reading the indictment to him, the defendant 'shall then be required to plead immediately thereto, either in abatement or in bar; but the court, for cause shown, may grant him further time to plead.' §2232 Burns 1926, §2068 Burns 1914, §197, ch. 169, Acts 1905 p. 584. Also that he may plead the general issue orally, under which he may present any matter of defense except insanity, but that he may plead specially any matter of defense. §2230 Burns 1926, §2069 Burns 1914, §198, ch. 169, Acts 1905 p. 584. And that when it is de-

sired to plead on behalf of a defendant that he was of unsound mind at the time the offense was committed, 'he himself, or his counsel must set up such defense specially in writing.' §2231 Burns 1926, §2070 Burns 1914, §1, ch. 298, Acts 1913 p. 774. These statutes give the defendant, or his attorneys, authority to file a plea in writing that has no direct relation to the oral plea of guilty or not guilty which is required to be made at the time of arraignment, where the court does not grant further time in which to plead. And we find no authority of law for the judge to cut off the right to enter a plea of insanity by an order of court that 'this cause is declared at issue,' whether pursuant to a rule of court or otherwise. The authority which is given to counsel representing the accused to set up the defense of insanity, as contrasted with the right to do so given to 'him, himself,' indicates a legislative purpose to provide for something more than a plea entered at the time of arraignment, or entered before a time when the trial judge shall declare the issues closed. Even if it be assumed that a discretion as to accepting or rejecting a special plea of insanity presented on the morning of the day fixed for the trial of the cause is vested in the trial court, . . . that discretion did not extend to rejecting such a plea offered by the attorneys for an eighteen-year-old boy accused of a capital offense who was not identified by either of the three eyewitnesses of the crime, and whose connection with it was only established by his own admissions contained in statements made by him at different times which were inconsistent with each other, and the truth of all of which he denied at the time of the trial."

In the instant case, it appears, without contradiction, that the defendant was not advised as to his constitutional rights before he testified at the request of the trial judge. He had been informed by the

trial judge, after the judge had examined him with reference to the crime with which he was charged, that the court could appoint an attorney for him but that an attorney would do him no good. A plea of guilty should be entirely voluntary and made by one competent to know the consequences thereof and the trial court should satisfy itself of these facts before receiving it. But, in the instant case, the appellant was induced to plead guilty by statements made to him by the judge of the court and by persons with whom he had talked after he was arrested. The evidence also shows, without contradiction, that he is of low intellectuality. Many facts set forth in the affidavits in support of this petition to set aside his plea of guilty and plead, show that he did not enter the plea understandingly, and that such plea was not voluntarily made. The testimony given at the time of entering the plea at the request of the trial judge shows that the plea was not voluntarily entered.

In *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389, it is stated: "this court has expressed disapproval of trial courts receiving a plea of guilty from defendants charged with a serious crime, who are not represented by counsel, until 'after reasonable inquiry into the facts to discover whether a plea of guilty is entered freely and understandingly.'"

Under the facts shown by the record in this case, the trial judge should have granted appellant's motion for leave to withdraw his plea of guilty and should have permitted him to enter a plea of not guilty and a plea of insanity. In denying the motion, the court abused its discretion.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for leave to withdraw his plea of guilty and to enter a plea of not guilty and a plea of insanity. The clerk of this court is

directed to make and certify the usual order for return of appellant to the custody of the sheriff of Fulton County, Indiana.