SHEFFIELD *v.* REECE, SHERIFF.

(In Banc.   Jan. 13, 1947.)

[28 So. (2d) 745.   No. 36212.]

**C. R. Bolton,** of Tupelo, and **J. H. Brown,** of Oxford, for appellant.

Fred **B. Smith,** of Ripley, and **A. T. Cleveland,** of Fulton, for appellee.

Argued orally by **C. R. Bolton**, for appellant, and by **Fred B. Smith**, for appellee.

**McGehee, J.**, delivered the opinion of the Court.

This is a suit against a sheriff for the alleged false imprisonment of the plaintiff. Recovery was sought at the trial under four different counts of the declaration, but the appeal is presented here solely upon the refusal of the court to grant seven instructions requested on behalf of the plaintiff under the theory of the third count of the declaration, and also upon an alleged error in the granting of an instruction on behalf of the defendant in regard thereto. These instructions pertain to the question of whether or not the sheriff should have permitted the plaintiff to furnish a bail bond, to be approved by the said officer, instead of being held as a prisoner in jail after an arrest made by the sheriff without a warrant for a misdemeanor committed in his presence.

The accused was arrested on Saturday afternoon, between 3 and 4 o'clock, for being drunk in a public place in the presence of two or more persons. He remained drunk for several hours, and of course he should not have

been released while drunk, since it would likely have become the duty of the sheriff to re-arrest him before he would leave town. There is some conflict in the evidence as to whether or not the sheriff could have safely released him on bond during the early part of the night, and allowed him to be carried home by his father and other sureties who then offered to sign the bond.

It is conceded, however, that on Sunday morning the accused had entirely regained his sobriety, and he was, of course, entitled to be released on bail if the sheriff was authorized by law to accept the good and sufficient bond then tendered for his release. His offer to make the bond on Sunday morning was rejected by the deputy, in the absence of the sheriff, under an alleged rule of the sheriff's office, to the effect that any one who was placed in jail on Saturday afternoon or night for a bailable offense should be detained without bail until Monday morning, or until such time as he could be taken before the mayor or the proper justice of the peace for an examination into his case. At any rate, the accused was detained in jail until Monday morning, and it was a question of fact for the jury, if indeed it made any difference, as to whether or not he was thus detain because of the said rule of the sheriff, or whether he was detained on the theory that the sheriff was without authority to fix and approve the bail bond when tendered him, where the arrest had been made without a warrant for an offense committed in the presence of such officer.

Section 2473, Code 1942, provides that, ''Every person making an arrest shall take the offender before the proper officer without unnecessary delay for examination of his case,'' and it is conceded that this statute contemplates that an accused shall be taken without unnecessary delay before such officer for a trial of his case. And, of course, neither the mayor of the town of Fulton, where he was arrested, nor the justice of the peace of the district in which the offense was committed, was required to hold

court to hear the merits of a criminal prosecution on Sunday.

It will be noted that this statute is not merely supplemental to section 2470, Code of 1942, which authorizes an officer or private person to arrest without warrant for an indictable offense committed in his presence, but the said section 2473, quoted in the next preceding paragraph hereof, is a general statute as to what shall be done when arrests are made, and the words, "without warrant" are omitted therefrom.

We are of the opinion that the requirement that an offender shall be taken before the proper officer without unnecessary delay for examination of his case, is in furtherance of the legislative purpose to insure "A speedy and public trial," as guaranteed by section 26, Constitution of 1890, and that the further intent and purpose of the said section 2473 is to prevent an arresting officer or private person from detaining a person for an unreasonable length of time, whether arrested with or without a warrant, for any indictable offense committed in his presence, or where the arrest is made on probable cause or suspicion that the accused has committed a felony, without affording him an opportunity to have a hearing on the merits of the accusation against him. One thus arrested may, in some instances, be unable to execute a bail bond, but he is nevertheless entitled, in such event, to have his case examined into without unnecessary delay.

However, the precise question here involved is primarily whether or not a sheriff who arrests a person without a warrant for a bailable offense committed in his presence has any statutory authority, either express or implied, for accepting a sufficient bail bond for his appearance at the proper time and place, for a hearing of his case, since it is conceded that under the decision in Jacquemine v. State, 48 Miss. 280, such officer had no authority at common law to fix and approve bail bonds.

The question here involved has not been dealt with in any previous decision of this Court throughout the entire history of our criminal jurisdiction, and this is conceded to be true in the briefs of counsel.

However, section 29, Constitution of 1890, expressly provides, among other things, that, "All person shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great."

Section 167, Constitution of 1890, provides that, "All civil officers shall be conservators of the peace, and shall be, by law, vested with ample power as such." A sheriff of a county is a civil officer. It is true that the words, "Any conservator of the peace," found in section 2569, Code of 1942, are limited to the officials designated as conservators of the peace in section 2568 thereof, to wit, judges of the Supreme, Circuit and Chancery Courts, and justices of the peace, as held in the case of Martin v. State, 190 Miss. 32, 199 So. 98, 101. The reason for thus limiting the words "Any conservator of the peace, " as aforesaid, is due to the fact that under the said section 2569, an examination is to be held by the conservator of the peace in the case referred to therein, to determine whether or not the particular case wherein he has issued a warrant, is bailable, that is to say, a judicial hearing. Manifestly, a sheriff is, therefore, not a conservator of the peace within the purview of this statute, although as a civil officer he is declared to be one in the general sense by section 167, Constitution of 1890.

Section 2492, Code 1942, provides that: "All justices of the peace and all other conservators of the peace are authorized, whenever a person is brought before them charged with an offense not capital, for which bail is allowed by law, to take the recognizance or bond of such person, with sufficient sureties, in such penalty as the justice or conservator of the place may require, for his appearance before such justice or conservator for an examination of his case at some future day." This

statute, however, seems to deal only with instances where the accused has already been charged with an offense, so far as the express language is concerned, instead of cases where no charge is then pending and no warrant has been issued. And section 2568, Code 1942, referred to in the next preceding paragraph hereof, provides, among other things, that, "Any conservator of the peace has power to take all manner of bonds and recognizances from persons charged on affidavit with crimes and offenses . . . committed in their presence; . . ." And that, "Every bond or recognizance so taken shall be returned to the circuit court before its next term; . . ."

Section 1834, Code of 1942, provides that: "It is lawful for any officer having a person in custody by virtue of a warrant of a justice of the peace, in a case in which the justice has a final jurisdiction, to take bond with sufficient sureties, in a sum of not less than fifty dollars, nor more than five hundred dollars, . . ., conditioned for the appearance of such person on the return-day of the writ before the justice of the peace before whom the warrant is returnable, and to fix the amount of the bond, . . ." And section 4254, Code of 1942, authorizes a sheriff to take bond from any person whom he may arrest on the process of the circuit court, if the offense is bailable, and fix the amount of the bond, if the court or judge has omitted to do so, unless the process be returnable forthwith.

Therefore, since the sheriff would have been clearly entitled, under section 1834 of the Code, supra, to fix the amount and approve the sufficiency of a bail bond if an affidavit had been made and a warrant had been issued against the accused on the occasion complained of for the offense of being drunk in a public place, the question arises as to whether it was not the duty of the sheriff to have made the affidavit and obtained the warrant on Saturday afternoon after he had arrested the accused for an offense committed in his presence, so that he could allow him bail when he became sober, if having a warrant

was deemed by him essential to his right to allow bail before trial, as required by section 29 of the Constitution; and if not, whether he should have at least made such an affidavit and obtained the necessary warrant on Sunday morning in order that he may have released him on bond under the authority of the said section 1834, Code of 1942, when such a bond was tendered to him on that morning, rather than to detain the accused in custody in violation of his constitutional right under section 29, Constitution of 1890, which provides, as aforesaid, that, ''All persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great.'' It is unquestioned that a mayor, as ex officio justice of the peace, and a justice of the peace would have had the right to receive the affidavit of the arresting officer, and to issue a warrant on Sunday.

But aside from the above considerations, there is the more important and vital question as to whether or not the statutory right of a sheriff or a private citizen to arrest a person without a warrant for an indictable offense committed in his presence, coupled with the right of a sheriff to take him into custody and place him in jail pursuant to such an arrest, has the effect of giving the sheriff, by necessary implication, the right to fix the amount of bail and determine the sufficiency of the bail bond tendered to him in that behalf to the end that the constitutional right to bail before conviction would be preserved. Unless this authority is implied from the authority granted in the foregoing statutes, then a serious doubt would arise as to the constitutionality of the statute authorizing a sheriff or private person to arrest an accused without a warrant for an offense committed in his presence, in view of his right to bail before conviction under the said section 29 of the Constitution.

To hold that the citizen may be arrested and held in jail without the benefit of bail until such time as a court may be held by the mayor or justice of the peace would mean

that if the mayor should be then absent from the city, and the only justice of the peace having jurisdiction of the offense should be out of his district, in a hospital, or otherwise unavailable, the sheriff could detain the accused indefinitely, and in violation of his constitutional right to bail.

Moreover, if we should construe section 2473, Code of 1942, hereinbefore cited to mean that a sheriff who shall arrest a person without a warrant for an indictable offense committed in his presence shall have no authority in the matter except to take the offender before the proper officer for examination of his case, and that ''Examination of his case'' means a trial, then the accused would be denied his constitutional right to bail before conviction. An officer should need no authority other than that implied under the Constitution and the statutes hereinbefore discussed to inform him that he should not hold the citizen in custody for an unreasonable length of time in violation of his constitutional right to bail. It would be better that an offender, who is arrested without a warrant by a sheriff or private person on their own authority, be released without bail, than that he should be detained in jail in violation of the Constitution.

It is said in 6 Am. Jur., Sec. 91, p. 84, that: ''A bail bond may be taken on Sunday as well as on a week day. The purpose of guaranteeing bail is to afford the largest opportunity for relief from actual imprisonment, . . .'' And it was held in the case of Markey v. Griffin, 109 Ill. App. 212, that a person arrested can be detained over Sunday before being arraigned where it is necessary to do so, but in order to justify the authorities in so doing it is necessary to show that a reasonable effort was made to induce a magistrate or justice to issue a warrant and fix bail on the date of the arrest. This rule would, of course, not be applicable where the arrest is for drunkenness in a public place, as long as the offender remains drunk, since he would be subject to re-arrest if released in such condition, and as soon as he entered the presence of two

or more persons; cf. Pastor v. Regan, 9 Misc. 547, 30 N. Y. S. 657, and Bryan v. Comstock, 143 Ark. 394, 220 S. W. 475, 9 A. L. R. 1346. The latter case, supra, holds that an unwillingness to disturb a magistrate is not sufficient excuse to justify the refusal of bail to a citizen who may have driven his automobile without the necessary lights, and that the detaining of such an offender for an unreasonable length of time without bail amounts to an abuse of discretion, rendering the officer liable to damages.

In the construing statutes, not only the language but the purpose and policy which the Legislature has in view must be considered, and the Court in construing a statute will give effect to such purpose and policy, though the interpretation may go beyond the letter of the law. Smith v. Chickasaw County, 156 Miss. 171, 125 So. 96, 705. Unthought of results must be avoided, if possible, and especially if injustice follows, and an unwise purpose will not be imputed to the legislature when a reasonable construction is possible. Zeigler v. Zeigler, 174 Miss. 302, 164 So. 768. The legislature has expressly provided for the allowance of bail by the sheriff in misdemeanor cases of every conceivable nature, where the alleged offender is arrested on process from a circuit or justice of the peace court. Then why should he not have such authority when he makes an arrest not based upon an affidavit and warrant, but on his own conclusion that the alleged offender has violated the law? And it is our duty to adopt a construction of the statutes which would purge the legislative purpose of any constitutional invalidity, absurdity or unjust inequality. Quitman County v. Turner, 196 Miss. 746, 18 So. (2d) 122.

It is stated in 22 Am. Jur. 366, Section 20, that: ''As a general rule, unless a jailer has legal authority in the form of a valid written mittimus, he is liable for false imprisonment in detaining a prisoner beyond a reasonable time for procuring such authority, and under the rule previously stated, an officer arresting a person without a warrant, as on view under statute, is liable for a false imprisonment

where he detains the prisoner an unreasonable time without securing a warrant or other legal authority for his detention.''

It follows from the foregoing views that the plaintiff was entitled to have the jury instructed in the manner set forth in the refused instructions which he had requested, and that the instruction granted the defendant to the contrary was erroneous. The verdict of the jury and the judgment of the court in favor of the defendant must, therefore, be reversed and the cause remanded for a new trial upon the issue as to whether or not the sheriff should have accepted and approved the bail bond tendered him under the circumstances hereinbefore mentioned, that is to say, a new trial is ordered on the above-mentioned issue alone, the issues of fact raised by the other counts of the declaration having been submitted to the jury on proper instructions, and on sufficient evidence to warrant the jury in finding for the defendant thereon.

Affirmed in part, reversed in part, and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.