## WILLENNAR *v.* STATE OF INDIANA

[No. 28,591. Filed March 29, 1950. Rehearing denied April 28, 1950.]

*Howard S. Grimm;* and *Winslow Van Horn* (of counsel), both of Auburn, for appellant.

*J. Emmett McManamon,* Attorney General; *Merl M. Wall* and *Walter O. Lewis,* Deputy Attorneys General, for appellee.

STARR, J.—A jury found the appellant guilty of operating a motor vehicle on a public highway while under the influence of intoxicating liquor. The offense was charged by affidavit.

Appellant first insists that the trial court erred in overruling his motion to suppress the results of a test made on the person of appellant by means of a drunkometer shortly after his arrest for the offense charged in the affidavit. Upon this motion evidence was heard and the court prior to the beginning of the trial overruled the same. The appellant made no objection when the result of this test was introduced in evidence at the trial of this cause.

It is argued by the appellant that the evidence heard on this motion showed that at the time the appellant submitted to the test he was being denied the right of counsel, the right to prompt bail and the opportunity to prepare his defense; and

finally that he was intimidated by threats of force to produce incriminating evidence against himself. All of these objections are made on the assumption that the evidence heard on this motion was all one way and that the test was obtained through coercion. This is by no means true. We have carefully examined this evidence and we conclude there was ample evidence from which the trial court could reasonably infer that the appellant took the test voluntarily and that he was not denied the right to counsel or coerced in any way. Therefore, whether or not the state may compel an arrested person to submit to the drunkometer test is not for us to decide in this case. For a discussion of this question see Opinions of the Attorney General, 1940, p. 210. If there is any constitutional provision upon which appellant might have relied such provision affords no protection if the provision was waived by him. *Spitler* v. *State* (1943), 221 Ind. 107, 46 N. E. 2d 591.

Appellant also contends that this evidence aside from the manner in which it was obtained was "incompetent and highly prejudicial to the appellant." As we heretofore noted, no objection was made to this evidence as the same was introduced at the trial. By this failure to object the appellant waived all questions as to the relevancy and the materiality of this evidence. The only question raised by the motion to suppress was as to whether or not this evidence was lawfully obtained.

Finally it is insisted by the appellant that at the time the test was made he was being illegally detained. There is no contention that the appellant was unlawfully arrested. He does claim, however, that it was the duty of the police to immediately and without demand take him before an examining

magistrate as provided by § 47-2307, Burns' 1940 Replacement, which it is admitted was not done in this case. Appellant insists that any evidence obtained during such illegal detention, although voluntarily given, was not admissible. The evidence on the motion to suppress discloses that the appellant was arrested at 10:40 A. M. on the morning of March 11, 1949, and that the drunkometer test was completed fifty minutes later at the police station at the Town Hall in Auburn. This evidence was such that the trial court could reasonably infer that the fact appellant had not been charged at the time the examination was made had no coercive effect on the appellant. To refuse this evidence on the ground that appellant was being unlawfully detained but not actually coerced would be for this court to arbitrarily say that the fact the appellant had not been charged would, as a matter of law, invalidate the evidence obtained as herein set out. This we are not willing to do. This court, in discussing testimonial utterances, i.e., confessions, where perhaps a more strict rule should be applied than here, has heretofore stated that the fact the defendant at the time of making the confession was held without process of lawful right must be considered but does not, as a matter of law, require that it be rejected. *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501. The appellant has cited the case of *Watts* v. *State* (1949), 338 U. S. 49, 93 L. Ed. 1801, 69 S. Ct. 1347, as holding contrary to *Hicks* v. *State, supra.* We do not believe there is language in the Watts case either in the majority opinion or in any of the concurring opinions, aside from the concurring opinion of Justice Douglas, which would warrant the statement that this case holds, that a confession obtained during the period of unlawful detention without arraignment

would be inadmissible as a matter of law under the due process clause.

For the reasons herein stated the judgment of the trial court is affirmed.

Young, J., not participating.

NOTE.—Reported in 91 N. E. 2d 178.