McCLANAHAN *v.* STATE OF INDIANA.

[No. 28,935. Filed June 2, 1953. Rehearing denied November 3, 1953.]

*Claude Cline,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, *J. Emmett McManamon,* former Attorney General, *William T. McClain,* former Deputy Attorney General and *Carl Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding appellant guilty of the second offense of operating a motor vehicle while under the influence of intoxicating liquor, and ordering him imprisoned in the Indiana State Farm for six months and to pay a fine in the sum of $100.00. The error assigned on appeal is that the court erred in overruling appellant's motion for a new trial.

The evidence, when viewed most favorably to the

State, discloses that the appellant had been drinking the night of October 24, 1951, and at a tavern called Doc's Place at about 11:00 o'clock he had been refused a drink. Later he drove his automobile on the streets of the City of Huntington, where he was observed by a member of the police department driving about ten miles an hour and weaving back and forth. He finally stopped his car, and the policeman opened his car door, observed his appearance, and arrested him for operating a motor vehicle while under the influence of intoxicating liquor. He was then taken to the Police Headquarters in the City Hall where he was observed by Officer Burton on duty at the desk, and an arrest report was made out by him. Appellant's breath smelled of liquor, his face was red, his eyes were bloodshot, his speech was thick, his hair was hanging down, he staggered and weaved as he walked so that the arresting officer had to assist him, and when he sat in the chair at Police Headquarters he was weaving back and forth. The verdict was sustained by sufficient evidence and was not contrary to law.

Appellant complains that the court erred in admitting testimony as to what occurred at the Police Headquarters on the ground that the police officers failed to comply with, and violated §47-2307, Burns' 1952 Replacement. This section of the Motor Vehicle Act reads as follows:

"Whenever any person is arrested for any violation of this act punishable as a misdemeanor, the arrested person shall be immediately taken before a magistrate within the county in which the offense charged is alleged to have been committed and who has jurisdiction of such offense and is nearest or most accessible with reference to the place where said arrest is made, in any of the following cases:

"1. When a person arrested demands an immediate appearance before a magistrate;

"2. When the person is arrested and charged with an offense under this act causing or contributing to an accident resulting in injury or death to any person;

"3. When the person is arrested upon a charge of reckless homicide;

"4. When the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs;

"5. When the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injuries, or damage to property;

"6. In any other event when the person arrested refuses to give his written promise to appear in court as hereinafter provided."

No complaint is made that clause 1 was violated, for the appellant made no demand that he be taken immediately before a magistrate. There was proof made at the trial that there was a justice of the peace located in Huntington at the time of the arrest.

Under §14 of Article 7 of the Constitution of Indiana a justice of the peace is a judicial officer and in the Judicial department, although his powers and duties are only those prescribed by law.[1] "That the office of justice of the peace is a judicial office under our Constitution and statutes, is well settled." *Vogel v. State ex rel. Land* (1886), 107 Ind. 374, 377, 8 N. E. 164. By §1 of Article 3 of our Constitution our powers of government are specifically separated into three departments.[2]

Although clause (b) of §47-2001, Burns' 1952 Replacement, prohibits the operation of a motor vehicle while under the influence of intoxicating liquor or nar-

1. "A competent number of Justices of the Peace shall be elected, by the voters in each township in the several counties. They shall continue in office four years, and their powers and duties shall be prescribed by law." Section 14, Article 7, Constitution of Indiana.

2. "The powers of the Government are divided into three separate departments; the Legislative, the Executive including

cotic drugs, intoxication is not required to be proved beyond a reasonable doubt for the offense to be proved.[3]

If an accused in fact is intoxicated while operating a motor vehicle his mental condition is such that he could not enter a plea of guilty to the charge "freely and understandingly," which must be the case if the plea be valid. *Beard* v. *State* (1949), 227 Ind. 717, 88 N. E. 2d 769; *Cassidy* v. *State* (1929), 201 Ind. 311, 168 N. E. 18; *Lobaugh* v. *State* (1948), 226 Ind. 548, 82 N. E. 2d 247; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 81 N. E. 2d 782; 26 Ind. Law Jl. 529, 534. This is a judicial standard for a valid plea of guilty, and the Legislature has no power to interfere with the courts in this requirement. Obviously he should not be released from custody while intoxicated, for this would permit him to commit another misdemeanor by being found in a public place unlawfully in a state of intoxication. Section 12-611, Burns' 1942 Replacement. Nor would such a person be competent to execute a recognizance bond.

We do not believe that the Legislature intended to require an accused who is in fact drunk or in an unlawful state of intoxication, although charged with operating a motor vehicle while under the influence of intoxicating liquor, to be brought before a magistrate.

---

the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Section 1, Article 3, Constitution of Indiana.

3. Intoxication certainly is within the provisions of the statutory offense. The trial court by its Instruction No. 19, correctly instructed the jury that, "You are instructed that a person is under the influence of intoxicating liquor within the meaning of the statute when he has drunk a sufficient quantity of intoxicating liquor to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of those faculties."

We believe that the court and jury were warranted in finding that the appellant was in fact drunk and in an unlawful state of intoxication when he was arrested and taken to Police Headquarters; therefore it was not necessary that he be taken immediately before a magistrate.

But more serious considerations affect the validity of clause 4 of §47-2307, Burns' 1952 Replacement, when an accused is not intoxicated but only under the influence of intoxicating liquor. The statute fails to provide that the accused be brought before a magistrate during the usual hours for conducting court. The appellant in this case was arrested at approximately 12:30 A.M. October 25, 1951. Can the Legislature require that magistrates conduct court twenty-four hours every day? Could the Legislature by statute require the Supreme Court to be in session day and night? Could the Supreme Court of Indiana order the General Assembly to extend its daily sessions for twenty-four hours each day? The questions furnish their own answers.

Section 47-2307, Burns' 1952 Replacement, in order to be construed as constitutional, must be limited to bringing an accused before a magistrate during his usual hours for conducting court. As this court said in *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 547, 69 N. E. 2d 592, "By these provisions in the Constitution the three departments of government are made equal, coordinate, and independent, *Lafayette M. & B. R. Co.* v. *Geiger* (1870), 34 Ind. 185, and no department of the state government can be controlled or embarrassed by another department of the government, unless the Constitution so ordains. *State* v. *Shumaker* (1928), 200 Ind. 716, 721, 164 N. E. 408. Any act by which the legislature attempts to hamper judicial

functions or interfere with the discharge of judicial duties is unconstitutional and void. 16 C. J. S. 298; 11 Am. Jur. p. 908."

There was no requirement that the police officers go and wake up the justice of the peace in the middle of the night so that the appellant could be charged before him with driving a motor vehicle while under the influence of intoxicating liquor. There was no error in admitting the evidence of the conversation had with appellant at the police department, or in the testimony concerning his condition at that place. We have examined the court's instructions and find no error in the instructions. There was no error in refusing appellant's requested instruction No. 1.

The judgment is affirmed.

Draper, J., concurs in result with separate opinion.

Bobbitt, C. J., concurs in the result.

### CONCURRING OPINION

DRAPER, J.—I concur in the result on the basis of *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178. Practically the same question was raised in that case and to my mind it is decisive of the only substantial question presented here. The appellant here argued that if he had been immediately taken before a magistrate as required by Burns' 1942 Repl., §47-2307, some of the officers who saw him at the station and testified to his condition would not have seen him there and so would not have been able to so testify. *Willennar* v. *State, supra,* relying on *Hicks* v. *State* (1938) 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501, and the cases therein cited, holds that evidence is not inadmissible even though obtained while an accused is unlawfully detained, in the absence of coercion of some kind. There was no coercion here, and the evidence was admissible

whether or not the appellant was being unlawfully detained when he was observed by the officers.

NOTE.—Reported in 112 N. E. 2d 575.