[Civ. No. 26157.   Second Dist., Div. Two.   Sept. 13, 1962.]

ALLAN EUGENE EVANS, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE BEVERLY HILLS JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

Thomas M. McGurrin for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Defendant and Respondent.

FOX, P. J.—This is an appeal from an order denying appellant's application for an alternative writ to prohibit respondent court from trying appellant on a misdemeanor charge.

On August 18, 1961, at 12:30 a. m. appellant was arrested for violation of Vehicle Code section 23102 (driving while under the influence of intoxicating liquor) and booked in the Beverly Hills City Jail. At 12:40 a. m. appellant called his attorney, Stanley N. Gleis, requesting him to come to the jail to obtain his release. Attorney Gleis spoke over the telephone with Lieutenant Thomas Pierce, the officer in charge of the Beverly Hills jail, informing the officer that he would go immediately to the jail to obtain appellant's release. Lieutenant Pierce told appellant's attorney that there would be no use in his coming to the jail because appellant would not be released until 6 a. m. since the Beverly Hills Police Department had a policy of keeping everyone charged with drunk driving in jail for approximately five hours before releasing them. Attorney Gleis told the officer he would leave for the jail immediately with bail to obtain appellant's immediate release.

Appellant's attorney arrived at the Beverly Hills jail at 1:30 a. m., advised Lieutenant Pierce that he was the attorney for appellant and was ready to post cash bail for appellant's release. The officer replied that he would not accept the bail or release appellant until 6 a. m.

The attorney was allowed to see appellant and administered an intoxication test in the jail to appellant. Lieutenant Pierce subsequently (at approximately 2 a. m.) came to appellant and his attorney and told the attorney that he could leave, suggesting that he return about 6 a. m. because appellant would not be released until then. After leaving the appellant, the attorney offered to post cash bail for the release of appellant according to a bail schedule provided in accordance with Penal Code section 1269b, subdivision (a)—$263.

Appellant's attorney told the officer in charge that he desired appellant's release in order that the arrest could be properly investigated and counsel could discuss the matter outside of jail. Attorney Gleis also advised the officer in charge that he had administered a sobriety test to appellant and in his opinion appellant was not under the influence of intoxicating liquor. The attorney requested the officer to administer a sobriety test to appellant in his presence if he was not going to release appellant. The officer refused to administer such a test and again stated that he would not release appellant. Appellant's attorney remained at the Beverly Hills Police station until 5:10 a. m. (approximately four and a half hours after booking), at which time the officer in charge agreed to accept the cash bail of $263 and, after deposit of such bail, appellant was released.

On August 18, 1961, appellant appeared in the Beverly Hills Municipal Court and moved for a dismissal of the complaint on the grounds that appellant had been denied due process of law in that he was: (1) denied his constitutional and statutory right to be released on bail; (2) denied the right to be examined by a doctor of his choice since he was wrongfully detained; and (3) denied the right to commence the preparation of his defense because he was in custody without being allowed bail. The judge continued the matter to August 21, 1961, at which time he denied the motion. Appellant subsequently filed a petition for a writ of prohibition in the superior court. He appeals from the order denying the alternative writ.[1]

■■ "[T]he power of the court is not without a discretion, wisely exercised, to grant or deny either the alternative or the peremptory writ. (*Wiedwald* v. *Dodson*, 95 Cal. 450 [30 P. 580]; *Betty* v. *Superior Court*, 18 Cal.2d 619 [116 P.2d

[1]Appellant also attempts to appeal from the judgment denying the writ but it does not appear from the record that any such judgment was entered. Therefore, the purported appeal from the judgment should be dismissed.

947] ; *Bartholomae Oil Corp.* v. *Superior Court,* 18 Cal.App.2d 726 [117 P.2d 674].) '' (*Wilson* v. *Los Angeles County Civil Service Com.,* 103 Cal.App.2d 426, 430 [229 P.2d 406].)

We cannot say, as a matter of law, that the trial court under the facts of this case abused its discretion in denying the writ. Officer Pierce saw the appellant in his cell shortly after the arrest and observed his condition. The officer therefore was in a position to form an opinion as to the sobriety of appellant. The presumption is that the officer properly performed his official duty. (Code Civ. Proc., § 1963, subd. 15.) The fact that appellant was released at 5 :10 a. m. instead of 6 a. m., as previously indicated, justifies an inference that the officer acted on his knowledge of appellant's condition rather than upon the general policy that had been previously indicated. The lieutenant was entitled to rely on his own observations and appraisal of appellant and was not required to accept the attorney's opinion that appellant was not under the influence of intoxicating liquor.

It has been suggested that either for the safety of the individual or for the protection of society, it may be proper in some instances to deny bail. (*In re Westcott,* 93 Cal.App. 575, 576 [270 P. 247] ; *In re Henley,* 18 Cal.App. 1, 5 [121 P. 933] ; *In re Keddy,* 105 Cal.App.2d 215, 221 [233 P.2d 159] ; *In re Gentry,* 206 Cal.App.2d 723, 724 [24 Cal.Rptr. 208].) The appellant's condition of inebriation allowed the officer discretion in refusing to release appellant immediately on bail if, in his official capacity, to do so would endanger the appellant or society (cf. Penal Code, § 849). An intoxicated person need not be released on bail *eo instante* (*McClanahan* v. *State,* 232 Ind. 567 [112 N.E.2d 575, 577] ; *Sheffield* v. *Reece,* 201 Miss. 133 [28 So.2d 745, 746]). He has no basis for justifiable complaint that his rights have been transgressed if he is released as soon as it reasonably appears that he is no longer under the influence of intoxicating liquor. In the light of the circumstances of this case, it does not appear that the lieutenant acted unreasonably.

Furthermore, it does not appear that appellant suffered any prejudice by the delay in getting out of jail *re* procuring evidence to establish his sobriety for all that he needed to do was to call his own doctor and have him come to the jail to examine him.[2] While it may be true that it would have

---

[2]Appellant's counsel had ample opportunity to call a doctor while waiting for appellant's release.

been more convenient for appellant to go out on bail to seek a physician, mere convenience is not the test. Appellant's reliance on *In re Newbern,* 55 Cal.2d 508 [11 Cal.Rptr. 551, 360 P.2d 47], is misplaced for in that case the court pointed out (p. 513) that "a proper and timely request" to call his physician was made. Here, appellant under the facts as disclosed by the petition, never requested that a physician be called to administer a blood alcohol test. Under these circumstances, it can hardly be said that appellant was denied a reasonable opportunity to obtain evidence for his defense.

The order is affirmed. The purported appeal from the nonexistent judgment is dismissed.

Ashburn, J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 7, 1962.