SWAIN, P. J.
The appellant was arrested without a warrant between 1:15 and 1:30 a.m. (rep.tr. p. 46:20-22) for violation of Vehicle Code section 23102, driving under the influence of alcoholic liquor, a misdemeanor. At 2:35 a.m. she had been partially booked at Lincoln Heights jail but refused to be fingerprinted or photographed until she could talk to her attorney. He arrived at 2:45 a.m. but the police refused to let him talk to her on the ground that the booking had not been completed. She was confined in an isolation cell until the police relayed to her a message from her attorney advising her to be fingerprinted and photographed. Eventually, after much delay, she said she did not wish to see her attorney. She was not released until 5:30 a.m. Neither the defendant nor her attorney requested an opportunity to have a blood test taken.
The refusal of the police to let appellant’s attorney talk to her until she was fingerprinted and photographed was a violation of Pen. Code section 825 which provides in part: “After such arrest, any attorney at law entitled to practice in the courts of record of California, may, at the request of the prisoner or any relative of such prisoner, visit the person so arrested. Any officer having charge of the prisoner so arrested who willfully refuses or neglects to allow such attorney to visit a prisoner is guilty of a misdemeanor.” Nothing is said in the section about the attorney having to wait until the booking is finished. That the police were wrong is clear from People v. Stroble (1951) 36 Cal.2d 615 [226 P.2d 330] affirmed 343 U.S. 181 [72 S.Ct. 599, 96 L.Ed. 872], where an attorney was denied the right to see his client from 1:43 to 9:30 p.m. while the client was being questioned by the district attorney. However, that is not the whole story. In the Stroble case our Supreme Court said (p. 617): “It is true, as defendant points out, that the record discloses that representatives of the People, prior to the trial, were guilty of flagrant misconduct. Such misconduct, however reprehensible, does not appear, under the extraordinary circumstances of this case, to have materially affected the regularity of defendant’s trial and conviction; and it is not the function of this court to reverse a judgment solely as a rebuke to ‘law enforcement’ officers for their own lawless acts, and improper administra *Supp. 881 tion of law, independent of the trial which resulted in that judgment. ’ ’
The fact that neither the defendant nor her attorney made any request to have a doctor or other competent person come to the jail to give the defendant a blood test brings this case within Evans v. Municipal Court (1962) 207 Cal.App.2d 633 [24 Cal.Rptr. 633] where the court said, pp. 636-637: “Furthermore, it does not appear that appellant suffered any prejudice by the delay in getting out of jail re procuring evidence to establish his sobriety for all that he needed to do was to call his own doctor and have him come to the jail to examine him. While it may be true that it would have been more convenient for appellant to go out on bail to seek a physician, mere convenience is not the test. Appellant’s reliance on In re Newbern, 55 Cal.2d 508 [11 Cal.Rptr. 551, 360 P.2d 47], is misplaced for in that case the court pointed out (p. 513) that ‘a proper and timely request’ to call his physician was made. Here, appellant under the facts as disclosed by the petition, never requested that a physician be called to administer a blood alcohol test. Under these circumstances, it can hardly be said that appellant was denied a reasonable opportunity to obtain evidence for his defense.”
This Evans case is significant on one other point involved here. At p. 636 the court said: “The appellant’s condition of inebriation allowed the officer discretion in refusing to release appellant immediately on bail if, in his official capacity, to do so would endanger the appellant or society (cf. Pen. Code, § 849). An intoxicated person need not be released on bail eo instante (McClanahan v. State, 232 Ind. 567 [112 N.E.2d 575, 577]; Sheffield v. Reece, 201 Miss. 133 [28 So.2d 745, 746]).” In view of the foregoing the trial court was right in deciding this case on the ground that no prejudice is shown in the denial of appellant’s right to see her attorney.
The judgment is affirmed.
Huls, J., and Smith, J., concurred.
Appellant’s petition for a rehearing was denied June 6, 1963, and the following opinion was then rendered:
THE COURT.
The petition of appellant for a rehearing after judgment of this court on appeal or, in the alternative, petition for certification of cause to the District Court of Appeal, in the above entitled case, having been filed and having been duly considered,
*Supp. 882 Said petitions are hereby denied.
Memo.
There is a vast difference between a request to the police for a doctor and a desire, unexpressed to the police, to have one. Police departments have no duty to act on the latter.
Huls, Acting P. J., and Smith, J.