[Crim. No. 175. Third Appellate District.—January 4, 1912.]

## In Re WILLIAM .HENLEY on Habeas Corpus.

CRIMINAL LAW — INEBRIETY—AFFIDAVIT FOR ARREST—SUFFICIENCY—
HABEAS CORPUS.—An affidavit for arrest, under section 2185c of
the Political Code, enacted in 1911 (Stats. 1911, p. 396), which
states that the person to be arrested "is so far addicted to the
intemperate use of stimulants as to have lost the power of self-
control; that by reason thereof said person is a fit subject for
commitment to a state hospital for the care and treatment of the
insane, and ought to be confined therein as an inebriate, under the
provisions of section 2185c of the Political Code," corresponds sub-
stantially with the language of the statute, and cannot be held so
deficient in showing that he belongs to a class contemplated thereby
as to entitle him to be discharged on *habeas corpus.*

ID.—LOSS OF SELF-CONTROL—FACT INFERRED FROM FACTS OBSERVED—
MATTER OF KNOWLEDGE OR OBSERVATION.—The loss of the power
of self-control and the intemperate use of stimulants are facts,
though the knowledge of them may be the result of inference from
other known facts; but they are so intimately connected with the
observation of the appearance or conduct of the person as to be
properly placed within the category of knowledge or observation,
rather than of opinion. They do not require the exercise of judg-
ment so much as the faculty of perception.

ID.—OPINION AS TO "INEBRIETY" DEDUCED FROM FACTS OBSERVED—
ULTIMATE FACT—EXCEPTION AS TO "MATTER OF OPINION."—If the
statement in the affidavit of arrest that the accused is an "in-
ebriate" is to be regarded as the statement of an opinion, it is
merely the statement of an ultimate fact, deduced from facts
observed as to the habits of the accused as to "intoxication," and

18 Cal. App.—1     (1)

if the conclusion as to the ultimate fact involves matter of opinion, it falls within an exception to the general rule as to "matter of opinion" as thoroughly established as the rule itself.

ID.—RIGHT OF ADMISSION TO BAIL PENDING EXAMINATION—SHOWING OF DANGER TO SAFETY REQUIRED.—Unless there is an affirmative showing of danger to the safety of one or to society in allowing the accused to be admitted to bail, he is entitled, under section 6 of article I of the constitution, to be admitted to bail until a hearing and examination can be had.

PETITION for writ of *habeas corpus* to the sheriff of Sacramento County.

The facts are stated in the opinion of the court.

R. Platnauer, for Petitioner.

J. Q. Brown, Deputy District Attorney, for Sheriff, Respondent.

BURNETT, J.—Petitioner, held on a warrant of arrest by the sheriff of Sacramento county, claims that said warrant was issued without authority of law, and is therefore void. The proceeding against petitioner was instituted under the statute passed by the legislature of 1911 providing for the "arrest, hearing and commitment of inebriates and drug habitues." (Stats. 1911, p. 396.) The affidavit upon which the warrant herein was predicated set forth: "That there is now in the said county in the city or town of Sacramento a person named William Henley who is so far addicted to the intemperate use of stimulants as to have lost the power of self-control. That by reason thereof said person is a fit subject for commitment to a state hospital for the care and treatment of the insane and ought to be confined therein as an inebriate under the provisions of section 2185c of the Political Code of the state of California." Said section, as far as necessary to quote, provides that "Whenever it appears by affidavit to the satisfaction of a magistrate of a county, or city and county, that a person is so far addicted to the intemperate use of narcotics or stimulants as to have lost the power of self-control or is subject to dipsomania or inebriety, he must issue and deliver to some peace officer for service a warrant," etc. It is thus to be seen that the affidavit corresponds substantially with

the language of the statute. It describes the defendant so that he appears as a suitable subject for the operation of this beneficent law. No attack is made upon the validity of the statute itself. The competency of the legislature to enact it is not brought into question, but the contention is made that the magistrate had no jurisdiction to issue the warrant, for the reason that sufficient facts are not alleged in said affidavit from which the magistrate could legally infer that petitioner belongs to a class contemplated by said law. We think, however, it should not be held that said affidavit is so deficient in that respect as to entitle petitioner to be discharged on *habeas corpus*. The affiant expressed more than a mere opinion. The loss of the power of self-control and the intemperate use of stimulants are facts, although, of course, the knowledge of them may be the result of inference from other facts. But these concepts are so intimately connected with the observation of the appearance or of the conduct of a person as to be properly placed within the category of knowledge or observation rather than of opinion. They do not require the exercise of judgment so much as of the faculty of perception. But if we regard the allegations of the affidavit as the expression of an opinion that petitioner is an inebriate, the case falls within the principle of *Holland* v. *Zollner*, 102 Cal. 633, [36 Pac. 930, 37 Pac. 231]. Therein it is said that, as a general rule, witnesses must state facts and not opinions deduced from the facts, but to this rule there are several exceptions as thoroughly established as the rule itself. One of these exceptions applies to questions "concerning various mental and moral aspects of humanity, such as disposition and temper, anger, fear, excitement, intoxication, veracity, general character, etc. (Note to Wharton on Evidence, sec. 573.) The reason underlying the exception is, that, from the very nature of the subject in issue, it cannot be stated or described in such language as will enable persons not eye-witnesses to form an accurate judgment in regard to it. (*De Witt* v. *Barly*, 17 N. Y. 340.)" As further stated therein: "Various mental and moral operations find outward expression, as clear to the observer as any fact coming to his observation, but he can only give expression to the fact by giving what to him is the ultimate fact, and which, for want of a more accurate expression, we call opinion." So

here, affiant states what to her is an ultimate fact deducible probably from other facts and partaking somewhat of the nature of an opinion, but being strictly legal evidence of the mental condition of petitioner superinduced by excessive indulgence in stimulants. We can see no reason why this might not, within the meaning of the law, "satisfy" the magistrate that petitioner should be examined as to whether he is subject to said provision. The proceeding, it may be remarked, is simply preliminary to the examination of the charge to be had after the notice prescribed by the statute, and the affidavit sufficiently informs petitioner of the nature of the accusation.

We do not consider in point the cases cited by petitioner as to the publication of summons. Of these, *Ricketson* v. *Richardson*, 26 Cal. 149, is the pioneer and is typical of the others. Therein it is said that "It is not sufficient to state generally that after due diligence the defendant cannot be found within the state, or that the plaintiff has a good cause of action against him, or that he is a necessary party; but the acts constituting due diligence, or the facts showing that he is a necessary party, should be stated." The propriety of so holding is apparent, as the consideration of "due diligence," "a good cause of action" and "a necessary party" involves questions of law to be determined by the court after an examination of the facts.

Petitioner also urges that in case the said affidavit is considered sufficient to authorize the magistrate to issue the warrant, then he should be admitted to bail pending the examination of the charge. It appears that bail was denied by said magistrate, but upon what ground does not appear, nor is any reason advanced here for the order except that it is a matter of right under the provision of the constitution of the state that "All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great." (Art. I, sec. 6.) This is a wise and salutary measure, and the scope of it is sufficiently comprehensive to include a person charged with being an inebriate. His right as to bail should certainly not be more restricted than that of a person accused of a grave crime. In the latter contingency no question would be raised except in the case of a capital offense as provided in the constitution.

There might be instances under this statute where, for the safety of the individual or of society, it would be proper to deny bail, but unless such a showing is made, the said provision of the constitution should be held, we think, to apply. It is provided in said statute that the officer to whom the warrant of arrest is delivered must "arrest and detain such person until a hearing and examination can be had." This, of course, must be read in connection with said constitutional provision, as no one would contend that the legislative enactment could operate to modify or repeal any portion of the constitution.

It is ordered that petitioner be admitted to bail in the sum of $250 pending the examination, the bond to be approved by the Honorable J. W. Hughes, judge of the superior court of Sacramento county.

Hart, J., and Chipman, P. J., concurred.