[Crim. No. 1704. Second Appellate District, Division Two.—
August 22, 1928.]

In the Matter of the Application of CARL WESTCOTT
for Writ of Habeas Corpus.

Paul W. Schenck for Petitioner.

Asa Keyes, District Attorney, and Tracey Chatfield
Becker, Deputy District Attorney, for. Respondent.

CRAIG, Acting P. J.— Carl Westcott, the petitioner,
was indicted for murder. He was tried twice and was twice
convicted. The first judgment was reversed upon appeal
because of the erroneous admission of certain evidence.
After the second trial the court granted the defendant's
motion for a new trial on the ground that the evidence was
insufficient to support the verdict. Upon appeal from that
order this court affirmed the same. The case is to be tried
again, but there is nothing to indicate that additional evi-
dence will be produced by the People. Pending the appeal
last mentioned an application was made in the superior

court on behalf of petitioner that he be admitted to bail, which application was denied without prejudice, and he now prays by this proceeding in *habeas corpus* to be admitted to bail pending the determination of the criminal charge above mentioned.

All persons are bailable, except for capital offenses where the proof is evident or the presumption of guilt is great. (Const., art. I, sec. 6; Pen. Code, sec. 1270.) We think it evident that under the above statement of facts and the provisions cited that the petitioner is entitled to have bail fixed and to be released upon furnishing it as required by law.

It has been suggested by counsel for petitioner that the sanity of the latter is in doubt. This has presented for our consideration the bearing of such a condition on the part of petitioner upon his right to liberation. The prosecution has not contended that Westcott is insane nor opposed his release upon that ground. On the other hand, the few authorities available indicate that insanity of one charged with crime is not to be considered in passing upon his petition for a writ of *habeas corpus,* except as having to do with the determination of the constitutional test as to whether or not the proof is evident or the presumption of guilt great. In the case of *Zembrod* v. *State,* 25 Tex. 520, upon this consideration, bail was allowed on a showing made of the petitioner's insanity.

Ample authority exists for the apprehension and detention of the insane or those whose sanity is in doubt. Such provision is to be found in sections 1367 and 1374 of the Penal Code, and also in sections 2136 to 2199 of the Political Code. There appears to be no reason why full recognition cannot be given to the constitutional right of the defendant, and at the same time all regard be accorded to the safety of the public to guard against the danger of an insane person being at liberty. As a rule one charged with crime is entitled to have bail fixed and to be given his liberty pending the disposition of the charge. This he has as a matter of constitutional right, except as modified in cases of capital offenses, and surely he is entitled to have his claim to that right, so far as the criminal charge is concerned, presented to and determined by a competent court, irrespective of whether or not he may be subject to restraint upon some

other prospective complaint asserting him to be insane. We see no force to the argument of respondent that to fix bail in this case would, upon the statement of petitioner's counsel, endanger the public, for, particularly under the code provisions to which we have adverted, its interests are well protected. Officials to whom authority in that behalf has been delegated have undoubted right, and probably the duty, of instituting such a proceeding as may be provided by law to test the petitioner's sanity and to secure the public safety. At least they are possessed of all information needed to enable them to decide whether or not such action should be taken. As was suggested in *In re Henley,* 18 Cal. App. 1 [121 Pac. 933], although for the safety of the individual or protection of society it might in some instances be proper to deny bail, this should not be done without a showing being made of such facts as justify it. Here this has not been done.

It is ordered that petitioner be admitted to bail by giving bond in the sum of $10,000, pending the determination of the criminal charge upon which he is now detained, said bond to be approved by a judge of the superior court of Los Angeles County.

Thompson, J., and Hazlett, J., *pro tem.,* concurred.