[Crim. No. 1959. Second Appellate District, Division Two.—April 17, 1930.]

In the Matter of the Application of JACOB BERMAN for a Writ of Habeas Corpus.

Otto Christensen for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIG, Acting P. J.—The return to the writ of *habeas corpus* issued upon the petition of Berman recites that at the time of the issuance and service of the writ upon the sheriff, that official held petitioner in custody by virtue of an order of the Superior Court made by Hon. Marshall McComb, one of its judges. It appears that this order was made in open court on the eleventh day of April, 1930, without notice to either the defendant or the district attorney, and under the following circumstances alleged in the petition, and not controverted: On the nineteenth day of May, 1927, an indictment was returned by the grand jury of Los Angeles County, charging Berman with forgery and embezzlement. At that time he was out of the state of California. Bail was fixed at $250,000. On the twelfth day of September, 1927, Berman voluntarily returned to California, and was released on his own recognizance. Thereafter from time to time he appeared as directed by the court, and on the tenth day of September, 1929, the case was placed off calendar to be restored on notice of ten days. It appears that on September 11, 1928, the case was set for trial, and bail was fixed at $10,000. This bail was exonerated when the indictment was ordered off calendar on September 10, 1929. The next action in the matter occurred on April 11, 1930, when the court entered the following order: "Cause ordered restored to calendar for trial April 23, 1930—defendant remanded—bail fixed at $250,000." During the period covered by these proceedings the petitioner has been made defendant in other criminal prosecutions in both the state and federal courts. He is now at liberty on bail under such charges, the total amount of which is $45,000.

If no other facts appeared than the foregoing, it is clear that under the authority of *In re Aydelotte*, 97 Cal. App. 163 [275 Pac. 510], the petitioner would be entitled to relief upon this application. It was there held in effect that a defendant having been admitted to bail, the court may not without good cause being shown increase or decrease

the bail. ▮ An order altering its amount not based on a showing of such good cause is an arbitrary exercise of judicial power, unauthorized by section 1289 of the Penal Code, and this is the provision conferring upon the Superior Court authority to alter the amount of bail. But in this case at the time of entering the order above quoted, the court said:

"I find that some time ago the trial of this indictment was marked off the calendar in this department at the request and upon the stipulation of both the district attorney and the defendant; also that the bail was exonerated upon the representation that the defendant was under bond in other cases. At the time this court endeavored to fix a date for the trial of the defendant on this indictment the court was assured by the district attorney that the defendant would be prosecuted upon another indictment charging him with bribery, and that therefore this indictment could be placed off calendar. The court was not told by the district attorney that a promise of immunity had been made to the defendant on the bribery charge, as subsequently was disclosed."

▮ The ordinary judicial discretion exists in the Superior Court to determine what amounts to good cause shown. It is contended by petitioner and conceded by the district attorney that the court's action in entering the order of April 11, 1930, amounted to an abuse of discretion. The facts stated by the trial court are not disputed. By the statement of the judge thereof he indicates that he would not have exonerated Berman's bail and released him on his own recognizance had the court been apprised of certain facts. While it is not clear why these facts, if disclosed, would have suggested the necessity for requiring bail, still since the trial judge has indicated that such a result would have been brought about, we are not prepared to hold as a matter of law that an abuse of judicial discretion has been shown.

However, it seems indisputable that logically and legally if the court was authorized to set aside its order exonerating bail, the order previously existing and which was exonerated should have been restored. The effect of the recent order of the court was to set aside that of September 10, 1929. Previously to that and on September 11, 1928, bail had

been fixed at \$10,000. The petitioner is entitled to have this amount remain without increase except upon good cause shown. The cause which operated to justify the court's order of April 11, 1930, is not contended to have had any bearing upon the consideration which moved the court in September, 1928, to fix the bail at \$10,000.

In the statement made by the trial court, a part of which we have quoted, it is said that the grand jury which returned the indictment here involved recommended that bail be fixed at \$250,000. Of course, the grand jury has no authority to participate in fixing the amounts of undertakings. The responsibility therefor is with the court. When Berman returned to this jurisdiction of his own volition, and the court released him on his own recognizance and set aside the order requiring bail of \$250,000, it necessarily determined that good cause appeared for the action which it then took. On September 11, 1928, it substituted its deliberate judgment on the subject of bail for all orders which had theretofore been made.

Other things said by the trial court in its statement do not require specific mention. No other facts than those which we have discussed are contained in it, and it is not the province of the court to concern itself with matters of policy affecting the prosecution. These are questions for the district attorney, and are not of such a nature as to require or justify our attention.

We conclude that upon the making of the order of April 11, 1930, which in effect set aside the order previously made allowing the defendant to go on his own recognizance, the order of September 11, 1928, fixing bail at \$10,000 should have been restored.

It is ordered that the petitioner be remanded and that he be admitted to bail, pending the final disposition of indictment No. 30741 (the accusation involved in this proceeding), upon giving an undertaking as required by law in such cases, in the sum of \$10,000, said undertaking to be approved by a judge of the Superior Court of the County of Los Angeles.

Thompson (Ira F.), J., and Norton, J., *pro tem.*, concurred.