[Crim. No. 5457. Second Dist., Div. Three. July 25, 1955.]

In re HERBERT L. SINGER et al., on Behalf of SHARON SINGER, on Habeas Corpus.

Randolph Weltner for Petitioners.

Harold W. Kennedy, County Counsel (Los Angeles), and R. Eldon Dick, Deputy County Counsel, for Respondent.

THE COURT.—Upon petition of Herbert L. Singer and wife, parents of Sharon Singer, for a writ of habeas corpus on behalf of their daughter, a writ was issued directed to David Bogan, superintendent of Juvenile Hall of the County of Los Angeles. A return has been filed by said respondent and a hearing has been held, upon which it was stipulated that the petition and supplemental petition be treated as a traverse to the return. The allegations of the petition and supplemental petition insofar as they have not been placed in issue by the return will be taken as true. (*In re Smith*, 143 Cal. 368 [77 P. 180]; *In re Hoffman*, 155 Cal. 114 [99 P. 517, 132 Am.St.Rep. 75]; *In re Application of O'Connor*, 80 Cal.App. 647 [252 P. 730]; *Carlson* v. *Landon*, 186 F.2d 183; *Daly* v. *Elton*, 195 U.S. 242 [25 S.Ct. 22, 49 L. Ed. 177].)

The facts bearing upon the detention of Sharon Singer by the authorities are the following. The minor, 8 years of age, was residing with her parents in a fit and proper home and was receiving proper and sufficient parental care, support, supervision and control; her parents were fit and proper persons to have custody of the minor and her home environment was unobjectionable. On June 23, 1955, at about 8 p. m., the minor was taken into custody and placed in juvenile hall and she remained in the custody of the superintendent of juvenile hall until she was released to the custody of her parents under order of this court on July 7. No petition that the minor be made a ward of the juvenile court was filed until on or about June 29, 1955, when the judge of the juvenile

court granted a writ of habeas corpus for·said minor and set the same for hearing at 9:30 a.m., June 30, and at that time proceeded to conduct a hearing ''for the purpose of determining the reasons for the necessity of the detention of the minor,'' (Welf. & Inst. Code, § 729.5), and a hearing on the writ of habeas corpus; that no notice of the hearing was given to the parents of said minor; the court then discharged the writ of habeas corpus, ordered the minor to be detained in said juvenile hall and set for hearing on July 13 the petition to have said minor made a ward of the juvenile court. During said detention of the minor neither her parents nor their attorney have been allowed to speak privately with her. At the hearing on June 30 an officer having charge of the minor prevented the parents from speaking with her and when she signaled a greeting to them, removed her from the room. On July 7 at the time this court issued its writ of habeas corpus, the ·court also made an order for the release of said minor to the custody of her parents upon their written agreement to produce said minor before this court upon the hearing of the writ.

It has been made to appear to the satisfaction of this court that the sole purpose of the detention of said minor and of the filing of the petition to have her made a ward of the juvenile court and all proceedings had thereunder was and is to keep her in custody for use as a witness in a criminal action against David Ely Singer, the paternal grandfather of the minor, who was accused by complaint filed June 24 of an offense committed against said minor in violation of section 288 of the Penal Code while the child was visiting her grandparents. On July 1 said minor did testify as a witness at the preliminary hearing of said accused on said charge and upon the conclusion of said hearing said minor was retained in custody by juvenile court authorities, was placed in a private home under their jurisdiction, and the parents of said minor were denied all information as to the place where said minor was retained and as to the identity of the person or persons in whose custody she was held. It is alleged in the petition and not denied that a deputy district attorney has threatened to cause said minor to be detained in custody by placing a ''District Attorney's Hold'' against her with the superintendent of juvenile hall and that such ''hold'' orders have been and will be accepted by said superintendent as authority for holding juveniles in custody solely as witnesses and subject to the orders of the district attorney.

In reaching our conclusions as to the lawfulness of the detention of said minor and the purposes and motives of the authorities involved, we have taken into consideration certain additional facts which are known to the court, namely, when this court in conference decided to issue a writ of habeas corpus, the court was advised of the fact that said minor had been placed in the custody of a person or persons and in a home unknown to the petitioners and the court made inquiries of the superintendent of juvenile hall and requested that the court be advised as to the person or persons having custody of said minor at that time; said inquiries met with delay, evasion, opposition and lack of cooperation.

From all the facts made known to the court, this court has concluded that the pending proceeding purporting to be one to have said minor declared a ward of the juvenile court was instituted as a mere device and means to retain said minor in custody solely for the purpose of separating her from her parents, the petitioners, and keeping her available as a witness at the trial of said David Ely Singer.

Section 700 of the Welfare and Institutions Code sets forth the conditions and circumstances in which any person under the age of 21 years is within the jurisdiction of the juvenile court. The described conditions are 14 in number and need not be enumerated. Suffice it to say that it appears from the facts divulged to the court that the detention of said minor as related above has not been and is not based upon the existence of any of the conditions specified in section 700 of the code. The same is true with respect to the conditions under which a person under the age of 21 years may be declared free from the custody and control of either or both parents as specified in section 701 of the code.

Section 726 of the code requires that upon the filing of such a petition, a citation shall issue directing the parents etc., to appear at a time and place for which a hearing has been set and that such citation be served at least 24 hours before the time set for the hearing. Section 729 specifies the conditions in which a probation officer or peace officer may take temporary custody of a minor to be detained at juvenile hall or other suitable place designated by the juvenile court "when such custody or detention is a matter of immediate and urgent necessity for the protection of the welfare of the child." Throughout the proceedings above related no claim has been advanced or pretention made that the custody or detention of the minor was a matter of immediate or urgent necessity or

for the protection of her welfare. Sections 729.5 and 730 read as set out in the margin.[1] Authority of law is not vested in any court, official, officer or authority to seize the person of a minor and to incarcerate and detain said minor for the sole purpose of keeping said minor available for use as a witness in a criminal proceeding or any other proceeding. No court, official, officer or authority responsible for the detention of the minor, Sharon Singer, has had any right or authority over the person of said minor other than is conferred by the provisions of the Welfare and Institutions Code which we have cited. The taking of said minor into custody and her detention was illegal unless the same was a matter of immediate and urgent necessity for the protection of the welfare of the child. The facts as known to us refute the existence of any such condition. The detention of said minor for more than 48 hours without the filing of a petition in accordance with subdivision (a) of section 720, or the filing of a criminal complaint, was illegal. The district attorney has no shadow of authority to cause a minor to be wrested from his or her home or the custody of parents or legal custodian and incarcerated or detained for the sole purpose of using such minor as a witness. It manifestly appears from the facts which are known to the court that the actions and proceedings that have been had for the incarceration of said minor were illegal and void *ab initio* and that the further incarceration of said minor has been and is for an illegal purpose and in

[1] "§ 729.5. Whenever a minor under the age of eighteen years is taken into custody by any peace officer or probation officer, such minor shall be released within forty-eight hours after having been taken into custody, excluding Sundays and nonjudicial days, unless within said period of time a petition in accordance with subdivision (a) of Section 720 concerning him is filed with the clerk of the superior court or a criminal complaint against him is filed in a court of competent jurisdiction. If the minor remains in the custody of any peace officer or probation officer, within twenty-four hours, excluding Sundays and nonjudicial days, after the filing of the petition, the judge of the juvenile court shall conduct a hearing for the purpose of determining the reasons for the necessity of the detention of the minor. If within said period such a hearing has not been held then the minor shall be released from custody."

"§ 730. Whenever a petition has been filed in the juvenile court alleging that a person comes within the provisions of Section 700 or 701 of this code and praying for a hearing thereon or whenever any subsequent petition has been filed praying for a further hearing in the matter of said person, said person, pending the hearing of any of said petitions, or during the continuance thereof, may be retained by the person having charge of said person or the court may order that said person be detained in the detention home or in some other suitable place."

violation of the rights of said minor and her parents, the petitioners herein.

It is ordered that said minor be discharged from the custody of the juvenile court and the probation officer of the county of Los Angeles and that her custody remain with her parents, the petitioners herein.