[Civ. No. 9816.   Third Dist.   July 22, 1960.]

In re HILLARY RONALD BATEY, a Person coming under the Juvenile Court Law.

THE PEOPLE, Respondent, v. HILLARY RONALD BATEY, Appellant.

C. Ray Robinson and Charles E. Goff for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Raymond M. Momboisse, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Hillary Ronald Batey has appealed from an order of the juvenile court declaring him a ward of said court and that he be detained at juvenile hall for 10 days.

Appellant, a 16-year-old boy, was arrested on charges of assault and battery after he injured another minor in a fight. The case was transferred to the juvenile court wherein a petition was filed by the probation officer alleging that appellant was guilty of assault, battery, disturbing the peace, driving at 40 miles per hour in a 25-mile per hour zone, and driving a motor vehicle with excessive exhaust noise. The probation officer recommended that appellant be made a ward of the juvenile court; that he be detained at juvenile hall for one week; that he pay his victim's medical expenses; and that he be deprived of his driver's license for 30 days. The juvenile court after a hearing declared appellant to be a ward of the court and ordered that he be detained in juvenile hall for 10 days and that he be deprived of his driver's license for 30 days. That order has been stayed by a writ of supersedeas pending this appeal.

Appellant contends that the court's order is void because there was no finding that appellant's parents were incapable of or had failed to provide proper maintenance or that appellant's welfare required that his custody be taken from his parents as required by section 739 of the Welfare and Institutions Code; that error occurred because the court did not permit him to cross-examine the probation officer; that he was not guilty of assault and battery as his victim accepted his challenge to fight; and that he was not guilty of disturbing the peace as no other person or neighborhood was disturbed.

Respondent replies that detention for 10 days in juvenile hall would not deprive appellant's parents of his custody so no finding was required under section 739 of the Welfare and Institutions Code; that cross-examining the probation officer would not have altered the result; that the victim of appellant's assault and battery could not legally give his consent to the assault; that the peace was disturbed because persons witnessed the fight; and that in any event the peace of the victim was disturbed.

Appellant's principal contention is that the court's order is unsupported by any finding or evidence that his welfare re-

quired that his custody be taken from his parents. This contention must be sustained.

Section 739 of the Welfare and Institutions Code, so far as here applicable, provides that:

". . . [N]o ward of the juvenile court shall be taken from the custody of his parent or legal guardian without the consent of the parent or guardian, unless the court finds one of the following facts:

"(a) That the parent or guardian is incapable of providing or has failed or neglected to. provide proper maintenance, training, and education for the person."

The petition filed by the probation officer did not allege that the parents of appellant minor were incapable of providing or had failed to provide proper maintenance, training and education for said minor. No statement to this effect was made in the probation officer's report and recommendation; no such finding was made by the court; and no evidence was introduced which would support such a finding.

Respondent in reply argues that the detention for 10 days in juvenile hall would not deprive appellant's parents of his custody so no finding was required under section 739. We do not agree. ▆ We believe that the only reasonable con-struction of the word "custody" as it appears in section 739 is that it includes the physical custody. We believe further that the only reasonable construction of said section 739 . is that before the court may properly make an order taking the minor from the custody of his parents it must make the required finding. In the absence of any allegation or evidence as to the inability or unfitness of appellant's parents to provide proper maintenance and training, it would seem that in the instant case proper supervision could be supplied through co-operation between the probation officer and the parents.

▆ Appellant contends also that the court erred in not permitting his counsel to cross-examine the probation officer. However the record shows the appellant, the boy alleged to have been assaulted, and one other boy who was an eyewitness, testified fully as to the fight and the events leading up to it; and the record also shows that appellant in his testimony admitted the traffic violations alleged in the petition. It was therefore within the discretion of the judge of the juvenile court to refuse to extend the hearing by permitting the cross-examination of the probation officer.

▆ As was stated in *In re Dargo*, 81 Cal.App.2d 205, at page 207 [183 P.2d 282]:

"While care should be taken in construing and applying the provisions of such laws to minors so as not to impinge constitutional safeguards (*In re Tahbel,* 46 Cal.App. 755, 762 [189 P. 804]), a trial, as such, is not contemplated under the spirit of or procedure provided by the juvenile court laws. As aptly said in *People* v. *Superior Court,* 104 Cal.App. 276, 282 [285 P. 871]: 'From its very nature, and because of necessary qualification for doing the work for which it is intended, the Juvenile Court is not designed as a trial court in the ordinary sense. Not only is its purpose more reformative than punitive, but its method of operation is very different from that of a criminal court. Technicalities and formalities are largely done away with, and its simple procedure is designed to gain the confidence of those coming within its operations, and to enable the judge thereof to best guide and control its wards, with more consideration for their future development than for their past shortcomings. The circumstances attendant upon contested jury trials are not only out of place there, but might have an injurious effect, not only upon the methods, but upon the atmosphere and confidence that have been built up around the work of the Juvenile Court, and which are so largely responsible for its success.' "

There is no merit in the remaining contentions of appellant. His contentions that there was no evidence to support findings that he was guilty of assault and battery and of disturbing the peace are merely arguments as to the weight of the evidence.

Because of our conclusion that the part of the order appealed from which orders that appellant be detained in juvenile hall for a period of 10 days cannot be sustained, we believe that the matter should be reconsidered upon all of the evidence available and a direct finding made on the welfare and custody issue.

No other points require discussion.

The order is reversed and the matter remanded to the juvenile court for rehearing.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 14, 1960. Gibson, C. J., Schauer, J., and McComb, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.