[Crim. No. 8433.   Second Dist., Div. Two.   Aug. 13, 1962.]

In re ROBERT LEE GENTRY on Habeas Corpus.

Beardsley & Heap and Beldon O. Beardsley for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Respondent.

FOX, P. J.—This is an application for a writ of habeas corpus seeking the release of petitioner on bail pending trial in the superior court on two charges of first degree burglary.

The petition shows that petitioner on June 29, 1962, was admitted to $525 bail by a judge of the municipal court upon being held to answer; a bond was posted and petitioner was released. On July 20, 1962, petitioner entered pleas of "not guilty" and "not guilty by reason of insanity." The superior court, on its own motion, exonerated the bail and remanded the defendant to the custody of the sheriff.

The petitioner then filed the present application for a writ and this court released him on bail in the sum of $1,000 plus 5 per cent penalty pending a hearing. The answer to the writ admits all the above facts.

The answer further states that on the date petitioner was remanded to the custody of the sheriff, the superior court appointed, pursuant to Penal Code section 1027, two doctors to examine and report on defendant's sanity: (1) "at the time of commission of offense," and (2) "at the present time."

The sole issue to be decided is: Does petitioner lose his right to be released on bail pending a trial because he has entered a plea of not guilty by reason of insanity?

Article I, section 6 of the California Constitution provides: "All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. . . ." "It will be observed that the people, who are sovereign, have seen fit to provide that with but one exception, to wit, where a person has been charged with a capital offense, *all persons* are entitled to bail as a matter of right." (*In re Keddy*, 105 Cal.App.2d 215, 219 [233 P.2d 159].) ▮ A person charged with other than a capital offense is entitled to bail as a matter of right prior to conviction (Pen. Code, § 1271) and that right is not affected by the fact that a plea of not guilty by reason of insanity has been entered (*In re Westcott*, 93 Cal.App. 575, 576 [270 P. 247]) unless "[a]s was suggested in *In re Henley*, 18 Cal.App. 1 [121 P. 933], although for the safety of the individual or protection of society it might in some instances be proper to deny bail, this should not be done without a showing being made of such facts as justify it." (*In re Westcott, supra,* p. 577. See also *In re Keddy, supra,* p. 221.) There has been no such showing in this case.

It is ordered that petitioner be permitted to remain on bail pending his trial in the superior court.

Ashburn, J., and Herndon, J., concurred.