INTOXICATED ARRESTEE
A person arrested for an offense involving intoxication must be released immediately upon posting bail except in instances where it reasonably appears to the agency detaining the person that he or she remains in an intoxicated condition and that the safety of the individual and society would be endangered upon release. To hold a person for an unreasonable length of time, and after a state of intoxication no longer exists would amount to an abuse of discretion on the part of the agency holding said person. The Attorney General is in receipt of your opinion request wherein you ask the following question: "Does a law enforcement agency have the right to detain a person arrested for an offense involving intoxication for a period of time, e.g. four to six hours, even though the person has posted bail and would otherwise be entitled to be released ?" Article II, Section 8 of the Oklahoma Constitution provides: "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Title 22 O.S. 1101 [22-1101] (1971) provides: "Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the district court or his deputy, or by the judge of such courts." Title 22 O.S. 1971 1105 [22-1105] provides: "Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking, to the State, the magistrate, judge or court, must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer the defendant must be discharged." It is clear from a reading of the above sections of the Constitution and the statutes that after an accused has been admitted to bail, and sufficient bail has been posted, he is ordinarily entitled to be released. However, there is considerable authority that an intoxicated person is not entitled to be released on bail eo instante. In the case of Evans v. Municipal Court, Beverly Hills Judicial District, etc., 24 Cal.Rptr. 633,207 Cal.2d 633 (1962), a California appellate court reviewed a situation quite similar to that involved in your opinion request. In Evans, an attorney for a person accused of driving while under the influence of intoxicating liquor was told by an officer that the police department had a policy of keeping everyone charged with drunk driving in jail for approximately five hours before release. The attorney for the accused appeared at the police station and tendered cash bail for the release of the accused. The officer declined and stated that he would not accept the bail nor release the accused. Thereafter, the accused asked that the complaint be dismissed on the grounds, among other things, that he had been denied due process of law in that he was denied his constitutional and statutory right to be released on bail. His motion to dismiss was denied and subsequently a petition for writ of prohibition was filed in the Superior Court which writ was denied. The appellate court, in affirming the order denying the defendant's petition for a writ of prohibition, said: ". . . Officer Pierce saw the appellant in his cell shortly after his arrest and observed his condition. The officer therefore was in a position to form an opinion as to the sobriety of appellant. The presumption is that the officer properly performed his official duty . . . The lieutenant was entitled to rely on his own observations and appraisal of appellant and was not required to accept the attorney's opinion that appellant was not under the influence of intoxicating liquor. "It has been suggested that either for the safety of the individual or for the protection of society, it may be proper in some instances to deny bail. (In re Westcott,93 Cal.App. 575, 576, 270 P. 247; In re Henley, 18 Cal.App. 1,5, 121 P. 933; In re Keddy, 105 Cal.App.2d 215,221, 233 P.2d 159; In re Gentry, 206 A.C.A. 816, 817,24 Cal.Rptr. 208) The appellant's condition of inebriation allowed the officer discretion in refusing to release appellant immediately on bail if, in his official opinion, to do so would endanger the appellant or society. . . . An intoxicated person need not be released on bail eo instante (McClanahan v. State, 232 Ind. 567,112 N.E.2d 575, 577; Sheffield v. Reece, 201 Miss. 133, 28 So.2d 745,746). He has no basis for justifiable complaint that his rights have been transgressed if he is released as soon as it reasonably appears that he is no longer under the influence of intoxicating liquor. In the light of the circumstances of this case, it does not appear that the lieutenant acted unreasonably." In the case of McClanahan v. State, cited supra, the Supreme Court of Indiana said: "Obviously he (an intoxicated person) should not be released from custody while intoxicated, for this would permit him to commit another misdemeanor by being found in a public place unlawfully in a state of intoxication. . . ." In the case of Sheffield v. Reece, also cited supra, the Supreme Court of Mississippi held that a sheriff who arrested a citizen for being drunk in a public place had a duty not to hold the citizen in custody for an unreasonable length of time in violation of his constitutional right to bail, but said in the body of the opinion: "The accused was arrested on Saturday afternoon, between three and four o'clock, for being drunk in a public place in the presence of two or more persons. He remained drunk for several hours, and of course he should not have been released while drunk, since it would likely have become the duty of the sheriff to re-arrest him before he would leave town. . . ." It was held in the case of State v. Pillow, 234 N.C. 146, 66 S.E.2d 657 (1951) that while there might have been some slight delay in procuring a warrant and admitting the defendant to bail, such was not an infringement on the defendant's constitutional rights in the absence of a showing that the officer holding the defendant abused his discretion. It appears that your question involves a determination on a case by case basis of whether or not the detention of an intoxicated person is for such an unreasonable period of time so as to amount to an abuse of discretion by the officers holding the person. There is no question that a person in an intoxicated condition should not be allowed to reenter the public domain both from the standpoint of his own protection and the protection of society. There is no doubt that if officers were to hold an individual for an unreasonable length of time that he might successfully argue a violation of his constitutional right to bail. It would be impossible for an agency to establish a "policy" relating to a time certain, e.g., four to six hours, that a person may be detained because of the requirement that each case be considered in light of its particular circumstances. It must be concluded that on a case by case basis, the officers detaining a person accused of an offense involving intoxication must not detain that person unless it clearly appears that the person remains in an intoxicated state and would, therefore, be dangerous to himself and the community. It is, therefore, the opinion of the Attorney General that your question must be answered in the following manner: A person arrested for an offense involving intoxication must be released immediately upon posting bail except in instances where it reasonably appears to the agency detaining the person that he or she remains in an intoxicated condition and that the safety of the individual and society would be endangered upon release. To hold a person for an unreasonable length of time, and after a state of intoxication no longer exists would amount to an abuse of discretion on the part of the agency holding said person. (Michael Cauthron)